**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS – BENTON DIVISION**

| | | |
|---|---|---|
| JANE DOE, Individually, and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | Case No. 3:24-cv-02284-NJR |
| v. | ) | The Honorable Nancy J. Rosenstengel, Judge |
| DEACONESS ILLINOIS UNION COUNTY HOSPITAL D/B/A DEACONESS ILLINOIS UNION COUNTY D/B/A UNION COUNTY HOSPITAL, | ) | |
| Defendant. | ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT DEACONESS ILLINOIS UNION COUNTY HOSPITAL'S RULE 12(B)(6) MOTION TO DISMISS**

Defendant Deaconess Illinois Union County Hospital respectfully submits the following reply brief in support of its Rule 12(b)(6) motion to dismiss pursuant to S.D. Ill. L.R. 7.1(b)(1)(B) and this Court's Case Management Procedures (*see id.* at pg. 7 of 20):

Through an exhibit to her response brief, plaintiff Jane Doe cites an overwhelming number of cases that Doe claims supports the Court in denying Union County Hospital's Rule 12(b)(6) motion to dismiss. (*See* Dkt. # 24-1, *Exhibit A*.) Doe does not offer analysis, as opposed to conclusory assertion, as to why these cases support the Court in denying the motion under either Illinois law or the specific arguments at issue by Union County Hospital's motion. Indeed, only seven of Doe's proffered eighty-three decisions were decided by Illinois courts—four of which were decided by the same judge. (*See id.* at pgs. 1-12, # 12 (*Aspen Dental*); # 18 (*Rush IV*); # 19 (*Loyola*); # 33 (*Hartley*); # 57 (*Rush III*); # 72 (*Rush II*); & # 77 (*Rush I*).)

A closer examination of these authorities further shows they routinely dismissed many of the same claims Doe raises against Union County Hospital here. *E.g.*, *Kurowski v. Rush System for Health (Rush I)*, 659 F. Supp. 3d 931, 939-940, 943-44 (N.D. Ill. 2023) (intrusion upon seclusion and "electronic communication service" claims under ECPA and SCA); *Kurowski v. Rush System for Health (Rush II)*, 683 F. Supp. 3d 836, 848-49 (N.D. Ill. 2023) (intrusion upon seclusion); *A.D. v. Aspen Dental Mang't, Inc.*, 2024 WL 4119153, at *4, 9 (N.D. Ill. Sept. 9, 2024) (Illinois Eavesdropping Act and unjust enrichment); *Kurowski v. Rush System for Health*, 2024 WL 3455020, at *7 (N.D. Ill. July 18, 2024) (breach of contract); *Smith v. Loyola Univ. Med. Ctr.*, 2024 WL 3338941, at *9 (N.D. Ill. July 9, 2024) (unjust enrichment).

There is one exception to this: Doe's claim under the federal Wiretap Act based on an alleged "interception" of her electronic communications. (Dkt. # 1, *Compl.* ¶¶ 365-383 (Count IX).) That claim is the focus of this reply brief. *See* S.D. Ill. L.R. 7.1(a)(4).

On this one claim, Union County Hospital respectfully submits these sister courts have reached the incorrect result. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (quotation omitted); *In re Pradaxa (Dabigatran Etexilate) Products Liability Litig.*, 2013 WL 656822, at *2 (S.D. Ill. Feb. 22, 2013) (same).

As the Seventh Circuit has further instructed: "We are not merely to count noses. The parties are entitled to our own independent judgment." *Fed. Trade Comm'n v. Credit Bureau Ctr., LLC*, 937 F.3d 764, 785 (7th Cir. 2019) (quotation omitted).

The predominant issue before the Court on this claim is straightforward: Whether Doe has adequately alleged Union County Hospital had a criminal or tortious purpose in mind when

allegedly intercepting Doe's communications as a matter of law? (Dkt. # 23, *Mem. in Supp.* at pgs. 12-13.) If so, the claim would survive, at least past the federal law's one-party consent rule. *See* 18 U.S.C. § 2511(2)(d).

In analyzing this tortious or criminal conduct exception, Union County Hospital further respectfully submits the mistake the courts have made on this claim is also straightforward: They have allowed an alleged legal violation to determine the outcome of the exception analysis. Specifically, whether or not the plaintiff has adequately alleged that the defendant violated the Health Insurance Portability and Accountability Act of 1996 (HIPAA). If so then the exception applies, because HIPAA makes the alleged disclosures of health information for financial purposes a crime. *See Kurowski v. Rush System for Health*, 2023 WL 8544084, at *2-3 (N.D. Ill. Dec. 11, 2023) (creating a "HIPAA-exception-to-the-party-exception"); *Hartley v. University of Chicago Med. Ctr.*, 2024 WL 1886909, at *2-3 (N.D. Ill. Apr. 30, 2024) (same).

The law is clear, however, including in the Seventh Circuit, that the outcome of the exception analysis is not driven by whether the defendant allegedly violated the law. *See Desnick v. Am. Broad. Cos., Inc.*, 44 F.3d 1345, 1353-54 (7th Cir. 1995). The outcome of the exception analysis, in accord with the exception's statutory language, is focused solely on the defendant's alleged purpose in making the interception, and whether this purpose is tortious or criminal. *Id.* If it turns out that the defendant's conduct may have ultimately violated some other law, then that is a separate legal violation. It does not justify the Court in invoking the exception. *See also In re DoubleClick Inc. Privacy Litigation*, 154 F. Supp. 2d 497, 515-19 (S.D.N.Y. 2001) (same).

Here, Doe's allegations on Union County Hospital's purpose in allegedly intercepting her communications are clear: to engage in digital marketing on the Internet and also analyze the effectiveness of that digital marketing. Specifically, these allegations are as follows:

- "UCH utilized the Meta Pixel and other tracker data to improve and to save costs on its marketing campaigns, improve its data analytics, attract new patients, and generate sales." (Dkt. # 1, *Compl.* ¶ 29.)

- "Defendant purposely installed the Meta Pixel and other trackers onto its Website, for the purpose of gathering information about Plaintiff and Class Members to further its marketing efforts and profits." (*Id.*, ¶ 46.)

- "The Meta Pixel's primary purpose is to enhance online marketing, improve online ad targeting, and generate sales." (*Id.*, ¶ 54.)

- "Google's DoubleClick is an integrated ad technology platform that enables advertisers to more effectively create, manage and grow high-impact digital marketing campaigns." (*Id.*, ¶ 79 (quotation omitted).)

- "Defendant used and disclosed Plaintiff's and Class Members' Private Information to Facebook, Google, DoubleClick, Microsoft, and potentially others, for the purpose of marketing its services and increasing its profits and reducing its marketing costs." (*Id.*, ¶ 168.)

- "On information and belief, Defendant shared, traded, or sold Plaintiff's and Class Members' Private Information with Facebook in exchange for improved targeting and marketing services and reduced marketing costs." (*Id.*, ¶ 169.)

- "Defendant intentionally used the wire or electronic communications to increase its profit margins and save on marketing costs." (*Id.*, ¶ 379.)

Digital marketing, however, is not a crime, even if done with a financial purpose. To the contrary, the United States Supreme Court has constitutionally protected commercial speech. *See Bigelow v. Virginia*, 421 U.S. 809, 825 (1975) (recognizing commercial speech as protected speech); *Va. State Bd. of Pharm. v. Va. Citizens Cons. Council, Inc.*, 425 U.S. 748, 765 (1976) ("the free flow of commercial information is indispensable"); *Bates v. State Bar of Az.*, 433 U.S. 350, 376-77 (1977) ("Advertising is the traditional mechanism in a free-market economy for a supplier to inform a potential purchaser of the availability and terms of exchange.").

The Court has further recognized the Internet as the predominant public forum of our time, if not any time. *See Packingham v. North Carolina*, 137 S. Ct. 1730, 1735 (2017) ("While in the past there may have been difficulty in identifying the most important places (in a spatial

sense) for the exchange of views, today the answer is clear. It is cyberspace—the 'vast democratic forums of the Internet' in general, and social media in particular.") (quotation omitted); *see also Moody v. NetChoice, LLC*, 144 S. Ct. 2383, 2393 (July 1, 2024) (noting that "[t]oday, Facebook and YouTube alone have two billion users each").

Even apart from the allegations in the complaint set forth above, this non-criminal, non-tortious purpose shows elsewhere. Most notably, the only claimed personal injury Doe alleges on her claims is speech; the alleged receipt of an advertisement in her Facebook feed: "Plaintiff is a Facebook user since 2007, approximately. After Plaintiff used Defendant's Online Platforms, she began receiving medical advertisements in her Facebook feed regarding the medical conditions and symptoms she searched for and viewed on the Online Platforms." (*Id.*, ¶ 177.) *Compare United States v. Jiau*, 734 F.3d 147, 152 (2d Cir. 2013) (holding the exception is "confined to instances where the recording party intends to use the recording to harm or injure a recorded party, such as to blackmail, threaten, or publicly embarrass the recorded party").

**CONCLUSION**

For all of the foregoing reasons, and those raised in our opening brief, the Court should grant defendant Union County Hospital's motion to dismiss under Rule 12(b)(6) in its entirety.

Dated: February 5, 2025

Respectfully submitted,

By: */s/ David Carney*
*Counsel for Defendants Deaconess Health System, Inc. and Deaconess Illinois Red Bud Regional Hospital, Inc.*

Paul Karlsgodt
BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, CO 80202
Telephone: (303) 764-4013
pkarlsgodt@bakerlaw.com

David Carney
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone: (216) 861-7634
dcarney@bakerlaw.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on February 5, 2025, a true and correct copy of the foregoing *Reply Brief in Support of Rule 12(b)(6) Motion to Dismiss* was served on counsel of record via the Court's electronic filing system.

*/s/ David Carney*
*Counsel for defendant Deaconess Illinois Union County*