**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS – BENTON DIVISION**

| | |
|---|---|
| JANE DOE, Individually, and<br>on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DEACONESS ILLINOIS UNION COUNTY HOSPITAL D/B/A DEACONESS ILLINOIS UNION COUNTY D/B/A UNION COUNTY HOSPITAL,<br><br>Defendant. | Case No. 3:24-cv-02284-NJR<br><br>The Honorable Nancy J. Rosenstengel, Judge<br><br>**RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY** |

Plaintiff Jane Doe provides a notice of supplemental authority to the Court in both this *Doe* and the *Juenger* case, with three additional citations: *Stein v. Edward-Elmhurst Health*, 2025 WL 580556 (N.D. Ill. Feb. 21, 2025), *Shah v. Capital One Fin. Corp.*, 2025 WL 714252 (N.D. Cal. Mar. 3, 2025), and *Doe v. Pacific Dental Services, LLC*, Case No. 30-2024-01384236-CU-BC-CXC (Sup. Ct. Cal., Orange County). The Deaconess defendants respectfully submit the following response to the notices:

To begin with *Pacific Dental Services*, Doe claims the complaint arose "in the context of allegations that a hospital transmitted private patient information to third parties using online tracking technology[.]" (Dkt. # 27, *Notice* at pg. 3.) However, the case appears to have been filed against a dental services provider, not a hospital. *See* https://www.pacificdentalservices.com/.

Moreover, as with the prior compendium of cases Doe and Juenger attached as Exhibit A to their opposition briefs, Doe does not analyze the *Pacific Dental Services* decision or explain how California law is relevant to this Court's determination of Doe's pleaded claims under

Illinois law here. *Compare* Ex. A, *Nienaber v. Overlake Hospital Med. Ctr.*, 2025 WL 692097 (W.D. Wash. Mar. 4, 2025) (striking the same compendium of cases exhibit plaintiffs previously filed; "If there were any cases that would have been particularly probative, Plaintiff should have included them in the body of her brief or made a timely request for an overlength brief if additional space was needed.").

The Northern District of California's decision in *Shah* did involve one common claim under the federal Wiretap Act. *See Shah*, 2025 WL 714252, at *11-12. The *Shah* court allowed the claim to survive past a pleadings challenge because "Plaintiffs also allege that Defendant intercepted the contents of the electronic communications for an unauthorized purpose, *which resulted in tortious acts*." *Id.* at *12 (emphasis added). Thus also: "Because Defendant's actions are allegedly tortious, the one-party exemption does not apply." *Id.*

The Deaconess defendants respectfully submit that this analysis is contrary to the Seventh Circuit's decision in *Desnick v. American Broadcasting Companies, Inc.*, 44 F.3d 1345, 1353-54 (7th Cir. 1995). There, the Court held the fact that a defendant's ultimate use of the recording might have been defamatory (and thus also *resulted* in tortious acts), did not mean that the defendant's *purpose* at the time of the recording was also criminal or tortious. *Id.* The Court applied the exception because the focal point of the exception is the defendant's alleged purpose at the time of the recording, not whether there might ultimately have been some legal violation through the use of the recording. *Id.*; *Med. Lab. Mang't Consultants v. Am. Broad. Cos., Inc.*, 30 F. Supp. 2d 1182, 1205 (D. Az. 1998) (interpreting *Desnick*; "The Seventh Circuit has similarly recognized that the proper inquiry is not whether a defendant ultimately committed a tort, but whether she made the recording with the specific purpose to commit a tort.").

Finally, as for *Edward-Elmhurst*, the decision is contrary to Seventh Circuit precedent. The court explicitly held that "[t]he statute does not require a 'criminal or tortious purpose.'" *See* 2025 WL 580556, at *6. The Seventh Circuit has repeatedly disagreed. *See By-Prod Corp. v. Armen-Berry Co.*, 668 F.2d 956, 960 (7th Cir. 1982) ("We think it is the use of the interception ***with intent to harm*** rather than the fact of interception that is critical to liability, and there was no use of the interception here.") (emphasis added); *Thomas v. Pearl*, 998 F.2d 447, 451 (7th Cir. 1993) (interpreting exception, holding "[t]his means Thomas must show that Pearl either intended to break the law or commit a tort against him in order to prove a violation of the federal statute"); *Desnick*, 44 F.3d at 1353; *In re High Fructose Corn Syrup Antitrust Litig.*, 216 F.3d 621, 624 (7th Cir. 2000) ("Some states prohibit a person from recording his telephonic or other conversations without the other person's consent, but Title III does not, *unless the person both is not acting under color of state law* ***and has a criminal or tortious purpose***.") (emphasis added).

Respectfully, the Court should disagree with those cases that apply the tortious or criminal conduct exception merely based on an alleged legal violation of the Health Insurance Portability and Accountability Act of 1996. These decisions misapply the Wiretap Act against healthcare providers like the Deaconess defendants, that used their public websites for the indisputably alleged purpose of engaging in digital marketing. (*See* Dkt. # 26, *Union County reply brief* at pg. 4.) The *whole* of that *purpose* is lawful, even if plaintiffs Doe and Juenger might ultimately be able to show that the *result*, or some portion thereof, was somehow criminal or tortious. *See also* Ex. B, *Roberts v. Charlotte Mecklenburg Auth.*, 2025 WL 880538, at *3 (W.D.N.C. Mar. 20, 2025), and Ex. A, *Nienaber*, 2025 WL 692097, at *13 (both holding that a purpose to engage in digital marketing falls outside the tortious or criminal conduct exception, notwithstanding allegations the defendants had also violated HIPAA).

Dated: April 4, 2025

Respectfully submitted,

By: /s/ David Carney
*Counsel for Defendant Deaconess Illinois Union County*

Bonnie Keane DelGobbo
bdelgobbo@bakerlaw.com
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 416-6200
Facsimile: (312) 416-6201
Firm No. 46365

David Carney
dcarney@bakerlaw.com
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone: (216) 861-7634

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on April 4, 2025, a true and correct copy of the foregoing *Response to Notice of Supplemental Authority* was served on counsel of record via the Court's electronic filing system.

*/s/ David Carney*
*Counsel for defendant Deaconess Illinois Union County*