**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS – BENTON DIVISION**

| | |
|---|---|
| JANE DOE, Individually, and<br>on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DEACONESS ILLINOIS UNION COUNTY HOSPITAL D/B/A DEACONESS ILLINOIS UNION COUNTY D/B/A UNION COUNTY HOSPITAL,<br><br>Defendant. | Case No. 3:24-cv-02284-NJR<br><br>The Honorable Nancy J. Rosenstengel, Judge<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY** |

Defendant Deaconess Illinois Union County Hospital respectfully submits the following supplemental authority to the Court in support of its motion to dismiss: *Jane Doe v. Genesis Health System*, 2025 WL 1000192 (C.D. Ill. Mar. 18, 2025) (Hawley, J.).

Most prominently, on plaintiffs' federal Wiretap Act count based on alleged interception, the Court held as follows in dismissing the claim:

> However, under § 2511[2](d), it is not enough that the alleged disclosure may constitute, or result in, a tortious act in violation of federal law. Instead, the language is clear that the interception must be "*for the purpose of committing* … any tortious act . . . ." 18 U.S.C. § 2511(2)(d) (emphasis added). Congress's decision to include that language indicates that the 'crime-or-tort' exception requires a specific intent that the Defendant knew its acts were in violation of HIPAA. By Plaintiff's own account, the 'trackers' were 'used by the Defendant to benefit Genesis Health and its marketing and advertising purposes,' (D. 20 at ECF p. 63), not *for the purpose of* knowingly committing a violation of HIPAA.

*Id.* at *9 (emphasis in original).

This holding supports Deaconess Illinois Union County's interpretation of the Wiretap Act's tortious or criminal conduct exception. (*See* Dkt. # 23, Mem. in Supp. 11-14; Dkt. # 26, Rep. Br. 2-5.) While Doe will point out in response that the dismissal was without prejudice, *see*

*id.* at *1, 11, this was only if the plaintiff "believes she can state a claim in accordance with this Order." *Id.* at *11. Where the alleged purpose is to engage in digital marketing speech, and to analyze the effectiveness of that speech, Deaconess Illinois Union County respectfully submits that there are no sets of facts that could make out a plausible claim for relief.

A copy of the *Genesis Health System* is attached as Exhibit A. The *Genesis Health* court further dismissed Doe's three remaining federal statutory counts for the same reasons Deaconess Illinois Union County has argued: (1) Genesis Health was not an "electronic communications service" under the Electronic Communications Privacy Act or the Stored Communications Act (*id.*, at *9-10 ("To hold otherwise would radically transform the breach of the ECPA and SCA, and courts have consistently recognized as much."), and (2) for failure to meet the "exceeds authorized access" requirement under the Computer Fraud and Abuse Act, *id.* at *10-11.

Dated: April 11, 2025

Respectfully submitted,

By: */s/ David Carney*
*Counsel for Defendant Deaconess Illinois Union County Hospital*

David Carney
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone: (216) 861-7634
dcarney@bakerlaw.com

Paul Karlsgodt
BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, CO 80202
Telephone: (303) 764-4013
pkarlsgodt@bakerlaw.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on April 11, 2025, a true and correct copy of the foregoing *Notice of Supplemental Authority* was served on counsel of record via the Court's electronic filing system.

*/s/ David Carney*
*Counsel for defendant Deaconess Illinois Union County*