**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| **JANE DOE, individually, and on behalf of all others similarly situated,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 3:24-cv-02284-NJR** |
| | ) | **Chief Judge Nancy J. Rosenstengel** |
| **DEACONESS ILLINOIS UNION COUNTY HOSPITAL d/b/a DEACONESS ILLINOIS UNION COUNTY D/B/A UNION COUNTY HOSPITAL,** | ) | |
| **Defendant.** | ) | |

**<u>PLAINTIFF'S RESPONSE IN OPPOSITION TO</u>**
**<u>DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Comes now Plaintiff Jane Doe, and respectfully submits the following response to Defendant Deaconess Illinois Union County Hospital's notice of supplemental authority.

Defendant argues that Plaintiff's federal wiretap claim should be dismissed because the Court in *Genesis* dismissed the claim, reasoning that to qualify as a tortious violation of the act, any interception must be "for the purpose of committing" a tortious act. Defendant's Supplemental Authority, p. 1. Defendant argues that its "purpose" was "to engage in digital marketing speech," which is not a crime or tort. But using that reasoning for dismissal of Plaintiff's claim here is flawed for two reasons.

First, Plaintiff explicitly alleged, multiple times and places in her complaint, that Defendant's interception was for the purpose of committing a tortious act:

- Complaint, ¶ 231—"Defendant's use of the Meta Pixel and other tracking technology was for the tortious purpose of invading Plaintiff's and Class Members'

privacy, breaching its fiduciary duty, and violating HIPAA, all for marketing and profits."

- Complaint, ¶ 382—"Plaintiff and Class Members did not authorize Defendant to acquire the content of their communications for purposes of invading Plaintiff's and Class Members' privacy via the tracking technology."
- Complaint, ¶ 383—"In sending and in acquiring the content of Plaintiff's and Class Members' communications relating to the browsing of its Website, Defendant's purpose was tortious, criminal and designed to violate federal and state legal provisions, including as described above the following: (i) a knowing intrusion into a private, place, conversation or matter that would be highly offensive to a reasonable person; and (ii) violation of HIPAA, the FTC Act, invading Plaintiff and Class Members' privacy, and in breach of its fiduciary duty of confidentiality."

Thus, even under the *Genesis* Court's reasoning, Plaintiff's claim should not be dismissed.

Secondly, the Court in *Stein v. Edward-Elmhurst*[1] explained the flaw in the *Genesis* Court's reasoning: "The existence of a financial motivation (on the one hand) and a criminal or tortious motivation (on the other hand) are not mutually exclusive." *Stein v. Edward-Elmhurst Health*, 23-CV-14515, 2025 WL 580556, at *6 (N.D. Ill. Feb. 21, 2025). "[T]he existence of a financial motivation is not a get-out-of-liability-free card." *Id.* "The statute does not exclude conduct simply because someone acted with a financial purpose." *Id.* The Court in *Stein* used an illustration to explain its reasoning:

> To illustrate the statute, consider a hypothetical about jaywalking. Imagine if the City of Chicago banned jaywalking, with one exception. Imagine if the City of

[1] Plaintiff previously submitted this case to the Court in her own supplemental authority but reiterates a portion of the reasoning herein as specifically applicable to Defendant's argument in its submitted supplemental authority.

> Chicago allowed jaywalking if a person is by himself, unless that person jaywalks for the purpose of committing a crime or tort.
>
> Suppose that the Joker jaywalked by himself for the purpose of robbing Gotham Bank across the street. In that scenario, the "crime or tort" is not the jaywalking. The crime or tort is the bank robbery. So the carve-out to the exception would apply. And Commissioner Gordon could give the Joker a ticket for jaywalking (in addition to arresting him for robbing the bank).
>
> But imagine if the Joker jaywalked by himself for the purpose of saying hello to the Penguin across the street. Saying hello to the Penguin is not a crime or a tort. So, the carve-out to the exception would not apply. In that situation, the Joker would not violate the jaywalking ordinance – he jaywalked, but he was by himself, and he didn't jaywalk to commit a crime or tort.

*Id.* at *4. So too, the Court explained, this reasoning applies to the facts here:

> A disclosure that violates HIPAA is a violation of law that is independent of a violation of the ECPA. That's enough to conclude that the crime-tort exception applies. That is, the crime-tort exception to the one-party consent rule applies, because a violation of HIPAA is a crime or tort.

*Id.* Thus, the Court should not follow the *Genesis* Court's reasoning, which allows for any interception so long as it is for financial purposes, and should allow Plaintiff's claim here.

Finally, Defendant argues for the dismissal of Plaintiff's other federal claims because it is not an electronic communications service and did not exceed authorized access under the Computer Fraud and Abuse Act. Plaintiff has already addressed this argument in her main brief.

Dated: April 15, 2025

Respectfully submitted,

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV *(Pro Hac Vice)*
Andrew E. Mize (*Pro Hac Vice*)
Emily E. Schiller (*Pro Hac Vice* forthcoming)
STRANCH, JENNINGS & GARVEY, PLLC
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
(615) 255-5419 (facsimile)
gstranch@stranchlaw.com
amize@stranchlaw.com
eschiller@sctranchlaw.com

Lynn A. Toops (ARDC No. 63337-43)
Amina A. Thomas (*Pro Hac Vice* forthcoming)
Mallory K. Schiller (*Pro Hac Vice* forthcoming)
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenandmalad.com
athomas@cohenandmalad.com
mschiller@cohenandmalad.com

Samuel J. Strauss (*Pro Hac Vice* forthcoming)
Raina Borrelli *(Pro Hac Vice* forthcoming)
STRAUSS BORRELLI PLLC
908 N. Michigan Avenue, Suite 1610
Chicago Illinois 60611
(872) 263-1100
(872) 263-1109 (facsimile)
sam@straussborrelli.com
raina@straussborrelli.com

***Counsel for Plaintiff and the Proposed Class***

**CERTIFICATE OF SERVICE**

I certify that on April 15, 2025, I filed the foregoing *PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY* with the Court's ECF system. A copy will be sent electronically to all counsel of record by operation of the ECF system.

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV