**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS – EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| JANE DOE, individually, and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | Case No. 3:24-cv-02284-NJR |
| v. | ) | Hon. Nancy J. Rosenstengel, Judge |
| DEACONESS ILLINOIS UNION COUNTY HOSPITAL D/B/A DEACONESS ILLINOIS UNION COUNTY D/B/A UNION COUNTY HOSPITAL, | ) | |
| Defendant. | ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Deaconess Illinois Union County Hospital (Union County) respectfully submits this notice of supplemental authority to alert the Court to the recent decision in *Jane Doe v. Lawrence General Hospital*, Case No. 25-cv-10081-NMG, Rep. & Rec. Aug. 29, 2025 (D. Mass., Levenson, U.S.M.J.).

In *Lawrence General*, over an exhaustive opinion, Magistrate Judge Levenson extensively detailed the ongoing legal dispute over the scope of the tortious and criminal conduct exception as applied to alleged website privacy claims against healthcare providers. (Ex. A, *Rep. & Rec.* at pgs. 14-39.) Ultimately, the Court recommended dismissing the plaintiffs' federal Wiretap Act claim as a matter of law under Rule 12(b)(6), and remanding the remainder of the state law claims to state court, because "[t]he factual allegations of the Complaint fail to plausibly suggest that LGH had any criminal or tortious purpose in utilizing the web tracking tools." (*Id.* at 13.)

As the Court explained: "Alleging that a website operator knowingly made a disclosure of IIHI – by using tracking tools that would permit third parties to receive such information – may suffice to allege a violation of HIPAA." (*Id.* at 30.) "But this does not address the 'for the purpose'

element in ECPA." (*Id.*) "The mere fact that a website operator may be said to have 'knowingly' disclosed IIHI, does not plausibly support an inference that the making of such disclosures was the website operator's 'purpose.'" (*Id.*)

Union County respectfully submits plaintiffs' Wiretap Act claim fails as a matter of law because plaintiffs allege Union County's purpose was to engage in digital marketing, and a purpose to engage in digital marketing is not criminal or tortious, even if the alleged means the defendants used to engage in that marketing may ultimately be shown to have crossed the line to have violated some state or federal law, including HIPAA itself. (Dkt. # 26, *Rep. Br.* at pgs. 2-5.)

A copy of the *Lawrence General* decision is attached as Exhibit A to this filing.

Dated: September 4, 2025

By: */s/ David Carney*

Paul Karlsgodt
BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, CO 80202
Telephone: (303) 764-4013
Email: pkarlsgodt@bakerlaw.com

David Carney
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone: (216) 861-7634
Email: dcarney@bakerlaw.com

*Counsel for Defendant Deaconess Illinois Union County Hospital*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on September 4, 2025, a true and correct copy of the foregoing *Notice of Supplemental Authority* was served on counsel of record via the Court's electronic filing system.

*/s/ David Carney*
*One of the attorneys for defendant Deaconess Illinois Union County Hospital*