**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION**

| | |
|---|---|
| JANE DOE, *individually, and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>DEACONESS ILLINOIS UNION COUNTY HOSPITAL, INC. d/b/a DEACONESS ILLINOIS UNION COUNTY d/b/a UNION COUNTY HOSPITAL<br><br>Defendant. | Case No. 3:24-cv-02284-NJR<br><br>Hon. Nancy J. Rosenstengel, Judge |

**ANSWER AND AFFIRMATIVE DEFENSES TO
CLASS ACTION COMPLAINT**

Defendant Deaconess Illinois Union County Hospital, Inc. d/b/a Deaconess Illinois Union County Hospital d/b/a Union County Hospital (UCH), by and through counsel, files the following answer and affirmative defenses to plaintiff Jane Doe's Class Action Complaint (Complaint). Except as expressly admitted below, UCH denies without limitation: (1) every allegation, including those found in the headings and footnotes; (2) every cause of action; and (3) that plaintiff has been harmed in the manners alleged or in any other way. A denial of the allegations contained in a paragraph includes the averments made in all footnotes for the allegation.

UCH further states that Deaconess Health System, Inc. and Deaconess Regional Healthcare Services Illinois, Inc. acquired Union County Hospital, including its associated web properties, from Quorum Health Corporation effective January 14, 2023. As such, UCH answers the Complaint solely in the context of events occurring on or after January 14, 2023. UCH lacks

information or knowledge sufficient to form a belief as to the truth or falsity of such allegations as they relate to events occurring before January 14, 2023.

UCH also notes that several paragraphs have been numbered the same throughout the Complaint. UCH will identify such paragraphs by providing the page in the Complaint on which they are found.

Subject to these statements, UCH answers the Complaint as follows:

**INTRODUCTION**

1. UCH admits only that footnotes one and two cite and/or quote 17 C.F.R. § 248.201(b)(8), 45 C.F.R. § 160.103, 42 U.S.C. § 1320d, and an HHS webpage titled "Summary of the HIPAA Privacy Rule" which plaintiff purports support her allegations. UCH states that the contents of these regulations, code, and webpage speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations contained in paragraph 1 of the Complaint.

2. UCH admits only that plaintiff selectively quotes the HHS and FTC publication "Re: Use of Online Tracking Technologies" which she purports supports her allegations. UCH states that the contents of the publication speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 2 of the Complaint.

3. UCH acknowledges the importance of physician-patient confidentiality and denies the remaining allegations contained in paragraph 3 of the Complaint.

4. UCH denies the allegations contained in paragraph 4 the Complaint.

5. UCH admits only that plaintiff cites the webpage for the HHS bulletin titled "Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates" which the United States District Court for the Northern District of Texas declared unlawful and

vacated, at least in part. *See Am. Hosp. Assn. v. Becerra*, 738 F.Supp.3d 780 (N.D. Tex. 2024). UCH denies the remaining allegations contained in paragraph 5 of the Complaint.

6. UCH admits only that plaintiff quotes the HHS bulletin titled "HHS Office for Civil Rights Issues Bulletin on Requirements under HIPAA for Online Tracking Technologies to Protect the Privacy and Security of Health Information," which the United States District Court for the Northern District of Texas declared unlawful and vacated, at least in part. *See Am. Hosp. Assn. v. Becerra*, 738 F.Supp.3d 780 (N.D. Tex. 2024). UCH denies the remaining allegations contained in paragraph 6 of the Complaint.

7. UCH admits only that plaintiff quotes the HHS bulletin titled "HHS Office for Civil Rights Issues Bulletin on Requirements under HIPAA for Online Tracking Technologies to Protect the Privacy and Security of Health Information," which the United States District Court for the Northern District of Texas declared unlawful and vacated, at least in part. *See Am. Hosp. Assn. v. Becerra*, 738 F.Supp.3d 780 (N.D. Tex. 2024). UCH denies the remaining allegations contained in paragraph 7 of the Complaint.

8. UCH admits only that plaintiff quotes the HHS bulletin titled "Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates," which the United States District Court for the Northern District of Texas declared unlawful and vacated, at least in part. *See Am. Hosp. Assn. v. Becerra*, 738 F.Supp.3d 780 (N.D. Tex. 2024). UCH further states footnote 11 constitutes a legal conclusion which requires no response. To the extent a response is required, UCH denies the allegations contained therein, and denies the remaining allegations contained in paragraph 8 of the Complaint.

9. UCH admits only that plaintiff selectively quotes an archived version of the webpage https://unioncountyhospital.com/union-county-hospital/aboutus from July 5, 2022. Since

the allegations of paragraph 9 of the Complaint concern materials produced prior to January 14, 2023, UCH lacks knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies them.

10. UCH denies the allegations contained in paragraph 10 of the Complaint.

11. UCH admits only that plaintiff cites archived webpages found on the https://unioncountyhospital.com/ domain from either September 26, 2023, or February 23, 2024, the contents of which speak for themselves. UCH states that the https://unioncountyhospital.com/ domain now redirects to https://deaconessillinoisunionco unty.com/, the contents of which also speak for themselves.

12. UCH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint and therefore denies the same.

13. UCH denies the allegations contained in paragraph 13 of the Complaint.

14. UCH admits only that plaintiff cites online articles titled "Meta Pixel" and "Conversion Tracking" which she purports support her allegations. UCH states that the contents of the articles speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 14 of the Complaint.

15. UCH admits only that plaintiff cites online articles titled "Get Started," "Conversion Tracking," and "What are Cookies?" which she purports support her allegations. UCH states that the contents of the articles speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 15.

16. UCH denies the allegations contained in paragraph 16 of the Complaint.

17. UCH admits only that plaintiff cites an online article titled "How to Implement Facebook Conversions API (In Shopify)" which she purports supports her allegations. UCH states

that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 17 of the Complaint.

18. UCH admits only that plaintiff cites online articles titled "What is Facebook Conversions API and How to Use It" and "Conversions API" which she purports support her allegations. UCH states that the contents of the articles speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 18.

19. UCH admits only that plaintiff selectively quotes an online article titled "About Conversions API" which she purports supports her allegations. UCH states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 19 of the Complaint.

20. UCH denies the allegations contained in paragraph 20 of the Complaint.

21. UCH denies the allegations contained in paragraph 21 of the Complaint.

22. UCH denies the allegations contained in paragraph 22 of the Complaint.

23. UCH denies the allegations contained in paragraph 23 of the Complaint.

24. UCH denies the allegations contained in paragraph 24 of the Complaint.

25. UCH denies the allegations contained in paragraph 25 of the Complaint.

26. UCH denies the allegations contained in paragraph 26 of the Complaint.

27. UCH denies the allegations contained in paragraph 27 of the Complaint.

28. UCH states that the allegations in paragraph 28 of the Complaint contain legal conclusions which require no response. To the extent a response is required, UCH denies the allegations contained therein.

29. UCH denies the allegations contained in paragraph 29 of the Complaint.

30. UCH denies the allegations contained in paragraph 30 of the Complaint.

31. UCH denies the allegations contained in paragraph 31 of the Complaint.

32. UCH admits that plaintiff seeks to bring the causes of action listed in paragraph 32 of the Complaint and denies the remainder of the allegations contained therein.

**PARTIES**

33. UCH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Complaint and therefore denies the same.

34. UCH admits the allegations contained in paragraph 34 of the Complaint.

35. UCH admits the allegations contained in paragraph 35 of the Complaint.

**JURISDICTION & VENUE**

36. UCH admits that the Court has jurisdiction over this case under 28 U.S.C. § 1331, at least so long as the remaining federal claim survives in this case, and denies the remaining allegations contained in paragraph 36 of the Complaint.

37. UCH denies the allegations contained in paragraph 37 of the Complaint.

38. UCH denies the allegations contained in paragraph 38 of the Complaint.

**FACTUAL ALLEGATIONS**

39. UCH admits only that plaintiff selectively quotes an archived version of the webpage https://unioncountyhospital.com/union-county-hospital/aboutus from July 5, 2022. Since the allegations of paragraph 39 of the Complaint concern materials produced prior to January 14, 2023, UCH lacks knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies them.

40. UCH admits only that plaintiff selectively quotes an archived version of the webpage https://unioncountyhospital.com/union-county-hospital/aboutus from July 5, 2022. Since the allegations of paragraph 40 of the Complaint concern materials produced prior to

January 14, 2023, UCH lacks knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies them.

41. UCH admits only that plaintiff selectively quotes an archived version of the webpage https://unioncountyhospital.com/services/ from February 23, 2024, and an archived version of the webpage https://unioncountyhospital.com/union-county-hospital-clinic/ from December 9, 2023, the contents of which speak for themselves. UCH states that the https://unioncountyhospital.com/ domain now redirects to https://deaconessillinoisunioncounty.com/, the contents of which also speak for themselves.

42. UCH admits only that plaintiff selectively quotes the article *Fitch Affirms Deaconess (IN)'s IDR at 'AA'; Outlook Stable*, the contents of which speak for themselves.

43. In response to paragraph 43, UCH admits only that plaintiff cites the article *Fitch Affirms Deaconess (IN)'s IDR at 'AA'; Outlook Stable*, the contents of which speak for themselves.

44. UCH admits only that plaintiff cites archived versions of webpages found on the https://unioncountyhospital.com/ domain from either September 26, 2023, or February 23, 2024, the contents of which speak for themselves. UCH states that the https://unioncountyhospital.com/ domain now redirects to https://deaconessillinoisunioncounty.com/, the contents of which also speak for themselves.

45. UCH admits only that plaintiff purports to display a screenshot of the website https://unioncountyhospital.com/. UCH states that the https://unioncountyhospital.com/ domain now redirects to https://deaconessillinoisunioncounty.com/, the contents of which also speak for themselves.

46. UCH denies the allegations contained in paragraph 46 of the Complaint.

47. UCH denies the allegations contained in paragraph 47 of the Complaint.

48. UCH admits only that plaintiff cites an online article titled "Meta Reports Fourth Quarter and Full Year 2021 Results" which she purports supports her allegations. UCH states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 48 of the Complaint.

49. UCH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 49 of the Complaint and therefore denies the same.

50. UCH denies the allegations contained in paragraph 50 of the Complaint.

51. UCH admits only that plaintiff cites online articles titled "Specifications for Pixel Standard Events," "Facebook Pixel, Accurate Event Tracking, Advanced," "Best Practices for Facebook Pixel Setup," "App Events API," and "About Standard and Custom Website Events" which she purports support her allegations. UCH states that the contents of the articles speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 51 of the Complaint.

52. UCH admits only that plaintiff selectively quotes an online article titled "Retargeting" which she purports supports her allegations. UCH states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 52 of the Complaint.

53. UCH denies the allegations contained in paragraph 53 of the Complaint.

54. UCH admits only that plaintiff cites an online article titled "Meta Pixel" which she purports supports her allegations. UCH states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 54 of the Complaint.

55. UCH admits only that plaintiff selectively quotes an online article titled "About the Meta Pixel" which she purports supports her allegations. UCH states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 55 of the Complaint.

56. UCH admits only that plaintiff cites an online article titled "Meta Pixel" which she purports supports her allegations. UCH states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 56 of the Complaint.

57. UCH admits only that plaintiff cites an online article titled "About Meta Pixel" which she purports supports her allegations. UCH states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 57 of the Complaint.

58. UCH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 58 of the Complaint and therefore denies the same.

59. UCH admits that web browsers are software applications that can be used for accessing the internet. UCH otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 59 and thus denies them.

60. UCH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 60 of the Complaint and therefore denies the same.

61. UCH admits only that HTTP requests and responses are used by web browsers. UCH otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 61 and thus denies them.

62. UCH admits GET is an HTTP request method that can be used by web browsers. UCH otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 62 and thus denies them.

63. UCH admits only that HTTP requests and responses are used by web browsers. UCH otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 63 and thus denies them.

64. UCH admits that source code is used by websites. UCH otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 64 of the Complaint and thus denies them.

65. UCH admits that source code is used by websites. UCH otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 65 of the Complaint and thus denies them.

66. UCH denies the allegations contained in paragraph 66 of the Complaint.

67. UCH denies the allegations contained in paragraph 67 of the Complaint.

68. UCH admits only that plaintiff selectively quotes an online article titled "About Conversions API" which she purports supports her allegations. UCH states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 68 of the Complaint.

69. UCH admits only that plaintiff selectively quotes an online article titled "Best Practices for Conversions API" which she purports supports her allegations. UCH states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 69 of the Complaint.

70. UCH denies the allegations contained in paragraph 70 of the Complaint.

71. UCH denies the allegations contained in paragraph 71 of the Complaint.

72. UCH denies the allegations contained in paragraph 72 of the Complaint.

73. UCH denies the allegations contained in paragraph 73 of the Complaint.

74. UCH denies the allegations contained in paragraph 74 (pg. 21) of the Complaint.

75. UCH admits only that plaintiff selectively quotes an online article titled "Analytics Help, Introduction to Analytics, How Google Analytics Works" which she purports supports her allegations. UCH states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 75 (pg. 21) of the Complaint.

76. UCH admits only that plaintiff cites an online article titled "Analytics Help, Introduction to Analytics, How Google Analytics Works" which she purports supports her allegations. UCH states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 76.

77. UCH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 77 of the Complaint and therefore denies the same.

78. In response to paragraph 78, UCH admits only that plaintiff selectively quotes an online article titled "Google Tag Manager Overview", the contents of which speak for themselves.

79. In response to paragraph 79, UCH admits only that plaintiff selectively quotes an online article titled "Google Tag Manager Overview", the contents of which speak for themselves.

80. UCH admits only that plaintiff selectively quotes an online article titled "DoubleClick Digital Marketing" which she purports supports her allegations. UCH states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 80 of the Complaint.

81. In response to paragraph 81, UCH admits only that plaintiff cites an online article titled "DoubleClick Digital Marketing," the contents of the article speak for themselves.

82. UCH admits only that plaintiff cites and provides a screenshot of the webpage https://www.nordea.com/en/doubleclick-cookies, the contents of which speak for themselves. UCH denies plaintiff's characterization of these contents and denies the remaining allegations contained in paragraph 82 of the Complaint.

83. UCH admits only that plaintiff selectively quotes an online article titled "Application Insights Overview" which she purports supports her allegations. UCH states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 83 of the Complaint.

84. UCH admits only that plaintiff cites an online article titled "Application Insights Overview" which she purports supports her allegations. UCH states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 84 of the Complaint.

85. UCH denies the allegations contained in paragraph 85 of the Complaint.

86. UCH admits only that plaintiff cites and attaches an archived version of the HIPAA notice of privacy practices found on https://www.unioncountyhospital.com/ from May 2, 2020, and an archived version of the website privacy policy found on the same domain from November 26, 2022. UCH notes that both the HIPAA notice of privacy practices and the website privacy policy were made effective prior to January 14, 2023. Since the allegations of paragraph 86 concern materials produced and events occurring prior to the acquisition of Union County Hospital, UCH lacks knowledge or information sufficient to form a belief as to their truth or falsity. UCH therefore denies them.

87. UCH admits only that plaintiff selectively quotes the archived version of the HIPAA notice of privacy practices found on https://www.unioncountyhospital.com/ from May 2, 2020. Since the allegations of paragraph 87 of the Complaint concern materials produced prior to January 14, 2023, UCH lacks knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies them.

88. UCH admits only that plaintiff selectively quotes the archived version of the HIPAA notice of privacy practices found on https://www.unioncountyhospital.com/ from May 2, 2020. Since the allegations of paragraph 88 of the Complaint concern materials produced prior to January 14, 2023, UCH lacks knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies them.

89. UCH admits only that plaintiff selectively quotes the archived version of the HIPAA notice of privacy practices found on https://www.unioncountyhospital.com/ from May 2, 2020. Since the allegations of paragraph 89 of the Complaint concern materials produced prior to January 14, 2023, UCH lacks knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies them.

90. UCH admits only that plaintiff selectively quotes the archived version of the HIPAA notice of privacy practices found on https://www.unioncountyhospital.com/ from May 2, 2020. Since the allegations of paragraph 90 concern materials produced prior to January 14, 2023, UCH lacks knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies them.

91. UCH admits only that plaintiff selectively quotes the archived version of the HIPAA notice of privacy practices found on https://www.unioncountyhospital.com/ from May 2, 2020. Since the allegations of paragraph 91 of the Complaint concern materials produced prior

to January 14, 2023, UCH lacks knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies them.

92. Since the allegations of paragraph 92 of the Complaint concern materials produced prior to January 14, 2023, UCH lacks knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies them.

93. UCH admits only that plaintiff selectively quotes the archived version of the HIPAA notice of privacy practices found on https://www.unioncountyhospital.com/ from May 2, 2020. Since the allegations of paragraph 93 of the Complaint concern materials produced prior to January 14, 2023, UCH lacks knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies them.

94. UCH admits only that plaintiff selectively quotes an archived privacy policy website at https://www.unioncountyhospital.com/ domain from November 26, 2022. Since the allegations of paragraph 94 of the Complaint concern materials produced prior to January 14, 2023, UCH lacks knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies them.

95. UCH admits only that plaintiff selectively quotes an archived privacy policy website at https://www.unioncountyhospital.com/ domain from November 26, 2022. Since the allegations of paragraph 95 of the Complaint concern materials produced prior to January 14, 2023, UCH lacks knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies them.

96. UCH admits only that plaintiff selectively quotes an archived privacy policy website at https://www.unioncountyhospital.com/ domain from November 26, 2022. Since the allegations of paragraph 96 of the Complaint concern materials produced prior to January

14, 2023, UCH lacks knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies them.

97. UCH admits only that plaintiff selectively quotes an archived privacy policy website at https://www.unioncountyhospital.com/ domain from November 26, 2022. Since the allegations of paragraph 97 of the Complaint concern materials produced prior to January 14, 2023, UCH lacks knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies them.

98. UCH admits only that plaintiff selectively quotes an archived privacy policy website at https://www.unioncountyhospital.com/ domain from November 26, 2022. Since the allegations of paragraph 98 of the Complaint concern materials produced prior to January 14, 2023, UCH lacks knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies them.

99. UCH admits only that plaintiff selectively quotes an archived privacy policy website at https://www.unioncountyhospital.com/ domain from November 26, 2022. Since the allegations of paragraph 99 of the Complaint concern materials produced prior to January 14, 2023, UCH lacks knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies them.

100. UCH admits only that plaintiff selectively quotes an archived privacy policy website at https://www.unioncountyhospital.com/ domain from November 26, 2022. Since the allegations of paragraph 100 of the Complaint concern materials produced prior to January 14, 2023, UCH lacks knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies them.

101. UCH admits only that plaintiff selectively quotes an archived privacy policy website at https://www.unioncountyhospital.com/ domain from November 26, 2022. Since the allegations of paragraph 101 of the Complaint concern materials produced prior to January 14, 2023, UCH lacks knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies them.

102. UCH admits only that plaintiff selectively quotes an archived privacy policy website at https://www.unioncountyhospital.com/ domain from November 26, 2022. Since the allegations of paragraph 102 of the Complaint concern materials produced prior to January 14, 2023, UCH lacks knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies them.

103. UCH admits only that plaintiff selectively quotes an archived privacy policy website at https://www.unioncountyhospital.com/ domain from November 26, 2022. Since the allegations of paragraph 103 of the Complaint concern materials produced prior to January 14, 2023, UCH lacks knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies them.

104. UCH admits only that plaintiff selectively quotes an archived privacy policy website at https://www.unioncountyhospital.com/ domain from November 26, 2022. Since the allegations of paragraph 104 of the Complaint concern materials produced prior to January 14, 2023, UCH lacks knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies them.

105. Since the allegations of paragraph 105 of the Complaint concern materials produced prior to January 14, 2023, UCH lacks knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies them.

106. UCH denies the allegations contained in paragraph 106 of the Complaint.

107. UCH denies the allegations contained in paragraph 107 of the Complaint.

108. UCH denies the allegations contained in paragraph 108 of the Complaint.

109. Since the allegations of paragraph 109 of the Complaint concern events occurring prior to January 14, 2023, UCH lacks knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies them.

110. Since the allegations of paragraph 110 of the Complaint concern events occurring prior to January 14, 2023, UCH lacks knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies them.

111. Since the allegations of paragraph 111 of the Complaint concern events occurring prior to January 14, 2023, UCH lacks knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies them.

112. Since the allegations of paragraph 112 of the Complaint concern events occurring prior to January 14, 2023, UCH lacks knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies them.

113. UCH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 113 concerning events occurring prior to January 14, 2023, and therefore denies them. UCH further denies the remaining allegations contained in paragraph 113.

114. UCH denies the allegations contained in paragraph 114 of the Complaint.

115. UCH denies the allegations contained in paragraph 115 of the Complaint.

116. UCH denies the allegations contained in paragraph 116 of the Complaint.

117. To the extent paragraph 117 concerns events occurring prior to January 14, 2023, UCH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them. To the extent paragraph 117 concerns events occurring on or after January 14, 2023, UCH denies the allegations contained therein.

118. Since the allegations of paragraph 118 of the Complaint concern events occurring prior to January 14, 2023, UCH lacks knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies them.

119. UCH denies the allegations contained in paragraph 119 of the Complaint.

120. UCH denies the allegations contained in paragraph 120 of the Complaint.

121. UCH denies the allegations contained in paragraph 121 of the Complaint.

122. UCH denies the allegations contained in paragraph 122 of the Complaint.

123. UCH denies the allegations contained in paragraph 123 of the Complaint.

124. UCH denies the allegations contained in paragraph 124 of the Complaint.

125. UCH denies the allegations contained in paragraph 125 of the Complaint.

126. UCH denies the allegations contained in paragraph 126 of the Complaint.

127. UCH denies the allegations contained in paragraph 127 of the Complaint.

128. UCH denies the allegations contained in paragraph 128 of the Complaint.

129. UCH denies the allegations contained in paragraph 129 of the Complaint.

130. UCH denies the allegations contained in paragraph 130 of the Complaint.

131. UCH denies the allegations contained in paragraph 131 of the Complaint.

132. UCH denies the allegations contained in paragraph 132 of the Complaint.

133. UCH denies the allegations contained in paragraph 133 of the Complaint.

134. UCH denies the allegations contained in paragraph 134 of the Complaint.

135. UCH denies the allegations contained in paragraph 135 of the Complaint.

136. UCH denies the allegations contained in paragraph 136 of the Complaint.

137. UCH denies the allegations contained in paragraph 137 of the Complaint.

138. UCH denies the allegations contained in paragraph 138 of the Complaint.

139. UCH denies the allegations contained in paragraph 139 of the Complaint.

140. UCH denies the allegations contained in paragraph 140 of the Complaint.

141. UCH denies the allegations contained in paragraph 141 of the Complaint.

142. UCH denies the allegations contained in paragraph 142 of the Complaint.

143. UCH denies the allegations contained in paragraph 143 of the Complaint.

144. UCH denies the allegations contained in paragraph 144 of the Complaint.

145. UCH denies the allegations contained in paragraph 145 of the Complaint.

146. UCH denies the allegations contained in paragraph 146 of the Complaint.

147. UCH denies the allegations contained in paragraph 147 of the Complaint.

148. UCH denies the allegations contained in paragraph 148 of the Complaint.

149. UCH denies the allegations contained in paragraph 149 of the Complaint.

150. UCH denies the allegations contained in paragraph 150 of the Complaint.

151. UCH denies the allegations contained in paragraph 151 of the Complaint.

152. UCH denies the allegations contained in paragraph 152 of the Complaint.

153. UCH denies the allegations contained in paragraph 153 of the Complaint.

154. UCH denies the allegations contained in paragraph 154 of the Complaint.

155. UCH denies the allegations contained in paragraph 155 of the Complaint.

156. UCH denies the allegations contained in paragraph 156 of the Complaint.

157. UCH denies the allegations contained in paragraph 157 of the Complaint.

158. UCH denies the allegations contained in paragraph 158 of the Complaint.

159. UCH denies the allegations contained in paragraph 159 of the Complaint.

160. UCH denies the allegations contained in paragraph 160 of the Complaint.

161. UCH denies the allegations contained in paragraph 161 of the Complaint.

162. UCH denies the allegations contained in paragraph 162 of the Complaint.

163. UCH denies the allegations contained in paragraph 163 of the Complaint.

164. UCH denies the allegations contained in paragraph 164 of the Complaint.

165. UCH denies the allegations contained in paragraph 165 of the Complaint.

166. UCH denies the allegations contained in paragraph 166 of the Complaint.

167. UCH denies the allegations contained in paragraph 167 of the Complaint.

168. UCH denies the allegations contained in paragraph 168 of the Complaint.

169. UCH denies the allegations contained in paragraph 169 of the Complaint.

170. UCH denies the allegations contained in paragraph 170 of the Complaint.

171. UCH denies the allegations contained in paragraph 171 of the Complaint.

172. UCH denies the allegations contained in paragraph 172 of the Complaint.

173. UCH denies the allegations contained in paragraph 173 of the Complaint.

174. To the extent paragraph 174 concerns events occurring prior to January 14, 2023, UCH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them. To the extent paragraph 174 concerns events occurring on or after January 14, 2023, UCH notes plaintiff proceeds under the pseudonym Jane Doe. Accordingly, UCH lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations as well and therefore denies them.

175. UCH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 175 of the Complaint.

176. UCH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 176 of the Complaint.

177. UCH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 177 of the Complaint and thus denies the same.

178. UCH denes the allegations contained in paragraph 178 of the Complaint.

179. UCH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 179 of the Complaint and thus denies the same.

180. UCH denies the allegations contained in paragraph 180 of the Complaint.

181. UCH denies the allegations contained in paragraph 181 of the Complaint.

182. UCH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 182 of the Complaint.

183. UCH denies the allegations contained in paragraph 183 of the Complaint.

184. UCH denies the allegations contained in paragraph 184 of the Complaint.

185. UCH denies the allegations contained in paragraph 185 of the Complaint.

186. UCH admits only that plaintiff cites the article "Facebook Admits Another Blunder with User Data" which she purports supports her allegations. UCH states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 186 of the Complaint

187. UCH admits only that plaintiff selectively quotes "Report on Investigation of Facebook, Inc. Data Privacy Concerns", the contents of which speak for themselves. UCH denies

plaintiff's characterization of these contents and denies the remaining allegations contained in paragraph 187 of the Complaint.

188. UCH admits only that plaintiff cites the article "Your Health Data Might Be for Sale" which she purports supports her allegations. UCH states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 188 of the Complaint.

189. UCH admits only that plaintiff selectively quotes the article "Facebook Doesn't Know What It Does with Your Data, or Where It Goes: Leaked Document", the contents of which speak for themselves. UCH denies plaintiff's characterization of these contents and denies the remaining allegations contained in paragraph 189 of the Complaint.

190. UCH admits only that plaintiff cites selectively quotes the article "Facebook is Receiving Sensitive Medical Information from Hospital Websites", the contents of which speak for themselves. UCH denies plaintiff's characterization of these contents and denies the remaining allegations contained in paragraph 190 of the Complaint.

191. UCH admits only that plaintiff cites the article "Facebook is Receiving Sensitive Medial Information from Hospital Websites" which she purports supports her allegations. UCH states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 191 of the Complaint.

192. UCH admits only that plaintiff cites the article "Facebook is Receiving Sensitive Medial Information from Hospital Websites" which she purports supports her allegations. UCH states that the contents of the article speak for themselves, denies plaintiff's

characterization of these contents, and denies the remaining allegations in paragraph 192 of the Complaint.

193. UCH admits only that plaintiff cites selectively quotes the article "Facebook is Receiving Sensitive Medical Information from Hospital Websites", the contents of which speak for themselves. UCH denies plaintiff's characterization of these contents and denies the remaining allegations contained in paragraph 193 of the Complaint.

194. UCH states that the allegations contained in paragraph 194 of the Complaint are legal conclusions which require no response. To the extent a response is required, UCH denies the allegations contained therein.

195. UCH denies the allegations contained in paragraph 195 of the Complaint.

196. For its response to paragraph 196 of the Complaint, UCH admits only that plaintiff selectively quotes the HHS publication titled "Guidance Regarding Methods for De-identification of Protected Health Information in Accordance with the Health Insurance Portability and Account Act", the contents of which speak for themselves.

197. For its response to paragraph 197, UCH admits only that plaintiff selectively quotes the HHS publication titled "Marketing", the contents of which speak for themselves.

198. UCH admits only that plaintiff cites the Office of Civil Rights at HHS bulletin titled "Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates," which the United States District Court for the Northern District of Texas held should be invalidated, at least in part. *See Am. Hosp. Assn. v. Becerra*, 738 F.Supp.3d 780 (N.D. Tx. June 20, 2024). UCH denies the remaining allegations contained in paragraph 198.

199. UCH admits only that plaintiff selectively quotes the Office of Civil Rights at HHS bulletin titled "Use of Online Tracking Technologies by HIPAA Covered Entities and Business

Associates," which the United States District Court for the Northern District of Texas held should be invalidated, at least in part. *See Am. Hosp. Assn. v. Becerra*, 738 F.Supp.3d 780 (N.D. Tx. June 20, 2024). UCH denies the remaining allegations of paragraph 199.

200. UCH admits only that plaintiff selectively quotes the Office of Civil Rights at HHS bulletin titled "Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates," which the United States District Court for the Northern District of Texas held should be invalidated, at least in part. *See Am. Hosp. Assn. v. Becerra*, 738 F.Supp.3d 780 (N.D. Tx. June 20, 2024). UCH denies the remaining allegations of paragraph 200.

201. UCH denies the allegations contained in paragraph 201 of the Complaint.

202. UCH admits only that plaintiff cites selectively quotes the FTC publication "Re: Use of Online Tracking Technologies", the contents of which speak for themselves. UCH denies plaintiff's characterization of these contents and denies the remaining allegations contained in paragraph 202 of the Complaint.

203. UCH admits only that plaintiff cites selectively quotes the FTC publication "FTC and HHS Warn Hospital Systems and Telehealth Providers about Privacy and Security Risks from Online Tracking Technologies", the contents of which speak for themselves. UCH denies plaintiff's characterization of these contents and denies the remaining allegations contained in paragraph 203 of the Complaint.

204. UCH admits only that plaintiff cites selectively quotes the FTC publication "FTC and HHS Warn Hospital Systems and Telehealth Providers about Privacy and Security Risks from Online Tracking Technologies", the contents of which speak for themselves. UCH denies plaintiff's characterization of these contents and denies the remaining allegations contained in paragraph 204 of the Complaint.

205. UCH states that some of the allegations contained in paragraph 205 of the Complaint contain legal conclusions which require no response. To the extent a response is required, UCH denies the allegations contained therein. Also, UCH admits only that plaintiff selectively quotes the FTC publication titled "Statement of the Commission: On Breaches by Health Apps and Other Connected Devices," the contents of which speak for themselves. UCH denies the characterization of these contents and denies the remaining allegations contained in paragraph 205 of the Complaint.

206. UCH admits only that plaintiff selectively quotes and/or cites 15 U.S.C. § 45(a) and various legal opinions which she purports support her allegations. UCH states that the contents of 15 U.S.C. § 45(a) and the various legal opinions speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations contained in paragraph 206 of the Complaint.

207. UCH denies the allegations contained in paragraph 207 of the Complaint.

208. UCH admits only that plaintiff cites the Office of Civil Rights at HHS bulletin titled "Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates," which the United States District Court for the Northern District of Texas held should be invalidated, at least in part. *See Am. Hosp. Assn. v. Becerra*, 738 F.Supp.3d 780 (N.D. Tx. June 20, 2024). UCH denies the remaining allegations contained in paragraph 208.

209. UCH admits only that plaintiff selectively quotes the Office of Civil Rights at HHS bulletin titled "Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates," which the United States District Court for the Northern District of Texas held should be invalidated, at least in part. *See Am. Hosp. Assn. v. Becerra*, 738 F.Supp.3d 780 (N.D. Tx. June 20, 2024). UCH denies the remaining allegations of paragraph 209.

210. UCH admits only that plaintiff selectively quotes the Office of Civil Rights at HHS bulletin titled "Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates," which the United States District Court for the Northern District of Texas held should be invalidated, at least in part. *See Am. Hosp. Assn. v. Becerra*, 738 F.Supp.3d 780 (N.D. Tx. June 20, 2024). UCH denies the remaining allegations of paragraph 210 .

211. UCH acknowledges the importance of doctor-patient confidentiality and denies the remaining allegations contained in paragraph 211 of the Complaint.

212. For its response to paragraph 212 of the Complaint, UCH states that the American Medical Association's Code of Medical Ethics speaks for themselves.

213. For its response to paragraph 213, UCH admits only that plaintiff quotes select portions of the AMA's Code of Ethics Opinion 3.1.1, the contents of which speak for themselves.

214. For its response to paragraph 214, UCH admits only that plaintiff quotes select portions of the AMA's Code of Ethics Opinion 3.2.4, the contents of which speak for themselves.

215. For its response to paragraph 215, UCH admits only that plaintiff quotes select portions of the AMA's Code of Ethics Opinion 3.3.2, the contents of which speak for themselves.

216. UCH states that the allegations in paragraph 216 contain legal conclusions which require no response. To the extent a response is required, UCH denies the allegations therein.

217. For its response to paragraph 217 of the Complaint, UCH admits only that plaintiff quotes 410 Ill. Comp. Stat. 50/3(d), the contents of which speak for themselves.

218. UCH states that the allegations in paragraph 218 contain legal conclusions which require no response. To the extent a response is required, UCH denies the allegations therein.

219. UCH states that the allegations in paragraph 219 contain legal conclusions which require no response. To the extent a response is required, UCH denies the allegations therein.

220. For its response to paragraph 220 of the Complaint, UCH admits only that plaintiff quotes 815 Ill. Comp. Stat. 530/459(a), the contents of which speak for themselves.

221. UCH denies the allegations contained in paragraph 221 of the Complaint.

222. UCH denies the allegations contained in paragraph 222 of the Complaint.

223. UCH denies the allegations contained in paragraph 223 of the Complaint.

224. UCH denies the allegations contained in paragraph 224 of the Complaint.

225. UCH admits that IP addresses allow information to be sent between devices on the internet but is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 225 and therefore denies them.

226. UCH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 226 and therefore denies the same.

227. UCH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 227 and therefore denies the same.

228. UCH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 228 and therefore denies the same.

229. UCH denies the allegations contained in paragraph 229 of the Complaint.

230. UCH denies the allegations contained in paragraph 230 of the Complaint.

231. UCH denies the allegations contained in paragraph 231 of the Complaint.

232. UCH denies the allegations contained in paragraph 232 of the Complaint.

233. UCH denies the allegations contained in paragraph 233 of the Complaint.

234. UCH denies the allegations contained in paragraph 234 of the Complaint.

235. UCH denies the allegations contained in paragraph 235 of the Complaint.

236. In response to paragraph 236, UCH admits only that plaintiff selectively quotes the Washington State Court opinion *Jane Doe et al. v. Virginia Mason Medical Center*, 2024 WL 3517759 (Wash. Sup. Ct. June 6, 2024), the contents of which speak for themselves.

237. UCH admits only that plaintiff selectively quotes the articles "Audience Ad Targeting" and "How to Create a Lookalike Audience on Meta Ads Manager" which she purports support her allegations. UCH states that the contents of these articles speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations contained in paragraph 237 of the Complaint.

238. UCH admits only that plaintiff cites the article "Here's How Big Facebook's Ad Business Really Is" which she purports supports her allegations. UCH states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations contained in paragraph 237 of the Complaint.

239. UCH denies the allegations contained in paragraph 239 of the Complaint.

240. UCH admits only that plaintiff cites the article "How Your Medical Data Fuels a Hidden Multi-Billion Dollar Industry" which she purports supports her allegations. UCH states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations contained in paragraph 240.

241. UCH admits only that plaintiff selectively quotes the article "Hospital Execs Say They are Getting Flooded with Requests for Your Health Data" which she purports supports her allegations. UCH states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations contained in paragraph 241 of the Complaint.

## TOLLING, CONCEALMENT, AND ESTOPPEL

242. UCH denies the allegations contained in paragraph 242 of the Complaint.

243. UCH denies the allegations contained in paragraph 243 of the Complaint.

244. UCH denies the allegations contained in paragraph 244 of the Complaint.

245. UCH denies the allegations contained in paragraph 245 of the Complaint.

## CLASS ACTION ALLEGATIONS

246. UCH admits that plaintiff purports to bring this action on behalf of herself and on behalf of the proposed classes defined in paragraphs 247 and 248 of the Complaint. UCH denies that this case can be maintained as a class action and denies the remaining allegations contained in paragraph 246 of the Complaint.

247. UCH admits that plaintiff purports to bring this class on behalf of the class defined in paragraph 247 of the Complaint. UCH denies that this case can be maintained as a class action regardless of how the purported class is defined.

248. UCH admits that plaintiff purports to bring this class on behalf of the class defined in paragraph 248 of the Complaint. UCH denies that this case can be maintained as a class action regardless of how the purported class is defined.

249. UCH admits that plaintiff collectively refers to the purported classes defined in paragraphs 247 and 248 of the complaint as "the Class."

250. UCH denies that this case can be maintained as a class action regardless of how the purported class is defined.

251. UCH denies the allegations contained in paragraph 251 of the Complaint.

252. UCH denies the allegations contained in paragraph 252 of the Complaint.

253. UCH denies the allegations contained in paragraph 253 of the Complaint.

254. UCH denies the allegations contained in paragraph 254 of the Complaint.

255. UCH denies the allegations contained in paragraph 255 of the Complaint.

256. UCH denies the allegations contained in paragraph 256 of the Complaint.

257. UCH denies the allegations contained in paragraph 257 of the Complaint.

258. UCH denies the allegations contained in paragraph 258 of the Complaint.

259. UCH denies the allegations contained in paragraph 259 of the Complaint.

260. UCH denies the allegations contained in paragraph 260 of the Complaint.

261. UCH denies the allegations contained in paragraph 261 of the Complaint.

262. UCH denies the allegations contained in paragraph 262 of the Complaint.

263. UCH denies the allegations contained in paragraph 263 of the Complaint.

264. UCH denies the allegations contained in paragraph 264 of the Complaint.

265. UCH denies the allegations contained in paragraph 265 of the Complaint.

266. UCH denies the allegations contained in paragraph 266 of the Complaint.

**COUNT I**

267. UCH restates and incorporates the responses to paragraphs 1 through 266 as if fully set forth herein.

268. UCH denies the allegations contained in paragraph 268 of the Complaint.

269. UCH denies the allegations contained in paragraph 269 of the Complaint.

270. UCH denies the allegations contained in paragraph 270 of the Complaint.

271. UCH denies the allegations contained in paragraph 271 of the Complaint.

272. UCH denies the allegations contained in paragraph 272 of the Complaint.

273. UCH denies the allegations contained in paragraph 273 of the Complaint.

274. UCH denies the allegations contained in paragraph 274 of the Complaint.

275. UCH denies the allegations contained in paragraph 275 of the Complaint.

276. UCH denies the allegations contained in paragraph 276 of the Complaint.

277. UCH denies the allegations contained in paragraph 277 of the Complaint.

**COUNT II**

278. UCH restates and incorporates the responses to paragraphs 1 through 277 as if fully set forth herein.

279. UCH admits that plaintiff's negligence *per se* claim is brought in the alternative of her negligence claim.

280. UCH denies the allegations contained in paragraph 280 of the Complaint.

281. UCH states that the allegations in paragraph 281 are legal conclusions requiring no response. To the extent a response is required, UCH denies the allegations therein.

282. UCH denies the allegations contained in paragraph 282 of the Complaint.

283. UCH denies the allegations contained in paragraph 283 of the Complaint.

284. UCH denies the allegations contained in paragraph 284 of the Complaint.

285. UCH denies the allegations contained in paragraph 285 of the Complaint.

286. UCH denies the allegations contained in paragraph 286 of the Complaint.

287. UCH denies the allegations contained in paragraph 287 of the Complaint.

288. UCH denies the allegations contained in paragraph 288 of the Complaint.

289. UCH denies the allegations contained in paragraph 289 of the Complaint.

290. UCH denies the allegations contained in paragraph 290 of the Complaint.

**COUNT III**

291. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count III of the Complaint is dismissed so no response to paragraph 291 of the Complaint is required.

292. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count III of the Complaint is dismissed so no response to paragraph 292 of the Complaint is required.

293. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count III of the Complaint is dismissed so no response to paragraph 293 of the Complaint is required.

294. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count III of the Complaint is dismissed so no response to paragraph 294 of the Complaint is required.

295. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count III of the Complaint is dismissed so no response to paragraph 295 of the Complaint is required.

296. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count III of the Complaint is dismissed so no response to paragraph 296 of the Complaint is required.

297. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count III of the Complaint is dismissed so no response to paragraph 297 of the Complaint is required.

298. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count III of the Complaint is dismissed so no response to paragraph 298 of the Complaint is required.

299. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count III of the Complaint is dismissed so no response to paragraph 299 of the Complaint is required.

300. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count III of the Complaint is dismissed so no response to paragraph 300 of the Complaint is required.

301. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count III of the Complaint is dismissed so no response to paragraph 301 of the Complaint is required.

302. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count III of the Complaint is dismissed so no response to paragraph 302 of the Complaint is required.

**COUNT IV**

303. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count IV of the Complaint is dismissed so no response to paragraph 303 of the Complaint is required.

304. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count IV of the Complaint is dismissed so no response to paragraph 304 of the Complaint is required.

305. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count IV of the Complaint is dismissed so no response to paragraph 305 of the Complaint is required.

306. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count IV of the Complaint is dismissed so no response to paragraph 306 of the Complaint is required.

307. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count IV of the Complaint is dismissed so no response to paragraph 307 of the Complaint is required.

308. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count IV of the Complaint is dismissed so no response to paragraph 308 of the Complaint is required.

309. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count IV of the Complaint is dismissed so no response to paragraph 309 of the Complaint is required.

310. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count IV of the Complaint is dismissed so no response to paragraph 310 of the Complaint is required.

311. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count IV of the Complaint is dismissed so no response to paragraph 311 of the Complaint is required.

312. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count IV of the Complaint is dismissed so no response to paragraph 312 of the Complaint is required.

313. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count IV of the Complaint is dismissed so no response to paragraph 313 of the Complaint is required.

## COUNT V

314. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count V of the Complaint is dismissed so no response to paragraph 314 of the Complaint is required.

315. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count V of the Complaint is dismissed so no response to paragraph 315 of the Complaint is required.

316. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count V of the Complaint is dismissed so no response to paragraph 316 of the Complaint is required.

317. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count V of the Complaint is dismissed so no response to paragraph 317 of the Complaint is required.

318. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count V of the Complaint is dismissed so no response to paragraph 318 of the Complaint is required.

319. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count V of the Complaint is dismissed so no response to paragraph 319 of the Complaint is required.

320. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count V of the Complaint is dismissed so no response to paragraph 320 of the Complaint is required.

321. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count V of the Complaint is dismissed so no response to paragraph 321 of the Complaint is required.

322. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count V of the Complaint is dismissed so no response to paragraph 322 of the Complaint is required.

323. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count V of the Complaint is dismissed so no response to paragraph 323 of the Complaint is required.

324. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count V of the Complaint is dismissed so no response to paragraph 324 of the Complaint is required.

325. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count V of the Complaint is dismissed so no response to paragraph 325 of the Complaint is required.

**COUNT VI**

326. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count VI of the Complaint is dismissed so no response to paragraph 326 of the Complaint is required.

327. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count VI of the Complaint is dismissed so no response to paragraph 327 of the Complaint is required.

328. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count VI of the Complaint is dismissed so no response to paragraph 328 of the Complaint is required.

329. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count VI of the Complaint is dismissed so no response to paragraph 329 of the Complaint is required.

330. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count VI of the Complaint is dismissed so no response to paragraph 330 of the Complaint is required.

331. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count VI of the Complaint is dismissed so no response to paragraph 331 of the Complaint is required.

332. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count VI of the Complaint is dismissed so no response to paragraph 332 of the Complaint is required.

333. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count VI of the Complaint is dismissed so no response to paragraph 333 of the Complaint is required.

**COUNT VII**

334. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count VII of the Complaint is dismissed so no response to paragraph 334 of the Complaint is required.

335. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count VII of the Complaint is dismissed so no response to paragraph 335 of the Complaint is required.

336. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count VII of the Complaint is dismissed so no response to paragraph 336 of the Complaint is required.

337. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count VII of the Complaint is dismissed so no response to paragraph 337 of the Complaint is required.

338. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count VII of the Complaint is dismissed so no response to paragraph 338 of the Complaint is required.

339. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count VII of the Complaint is dismissed so no response to paragraph 339 of the Complaint is required.

340. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count VII of the Complaint is dismissed so no response to paragraph 340 of the Complaint is required.

**COUNT "XIII" (VIII)**

341. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count "XIII" (VIII) of the Complaint is dismissed so no response to paragraph 341 of the Complaint is required.

342. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count "XIII" (VIII) of the Complaint is dismissed so no response to paragraph 342 of the Complaint is required.

343. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count "XIII" (VIII) of the Complaint is dismissed so no response to paragraph 343 of the Complaint is required.

344. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count "XIII" (VIII) of the Complaint is dismissed so no response to paragraph 344 of the Complaint is required.

345. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count "XIII" (VIII) of the Complaint is dismissed so no response to paragraph 345 of the Complaint is required.

346. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count "XIII" (VIII) of the Complaint is dismissed so no response to paragraph 346 of the Complaint is required.

347. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count "XIII" (VIII) of the Complaint is dismissed so no response to paragraph 347 of the Complaint is required.

348. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count "XIII" (VIII) of the Complaint is dismissed so no response to paragraph 348 of the Complaint is required.

349. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count "XIII" (VIII) of the Complaint is dismissed so no response to paragraph 349 of the Complaint is required.

350. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count "XIII" (VIII) of the Complaint is dismissed so no response to paragraph 350 of the Complaint is required.

351. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count "XIII" (VIII) of the Complaint is dismissed so no response to paragraph 351 of the Complaint is required.

352. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count "XIII" (VIII) of the Complaint is dismissed so no response to paragraph 352 of the Complaint is required.

353. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count "XIII" (VIII) of the Complaint is dismissed so no response to paragraph 353 of the Complaint is required.

354. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count "XIII" (VIII) of the Complaint is dismissed so no response to paragraph 354 of the Complaint is required.

355. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count "XIII" (VIII) of the Complaint is dismissed so no response to paragraph 355 of the Complaint is required.

356. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count "XIII" (VIII) of the Complaint is dismissed so no response to paragraph 356 of the Complaint is required.

357. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count "XIII" (VIII) of the Complaint is dismissed so no response to paragraph 357 of the Complaint is required.

358. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count "XIII" (VIII) of the Complaint is dismissed so no response to paragraph 358 of the Complaint is required.

359. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count "XIII" (VIII) of the Complaint is dismissed so no response to paragraph 359 of the Complaint is required.

360. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count "XIII" (VIII) of the Complaint is dismissed so no response to paragraph 360 of the Complaint is required.

361. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count "XIII" (VIII) of the Complaint is dismissed so no response to paragraph 361 of the Complaint is required.

362. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count "XIII" (VIII) of the Complaint is dismissed so no response to paragraph 362 of the Complaint is required.

363. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count "XIII" (VIII) of the Complaint is dismissed so no response to paragraph 363 of the Complaint is required.

364. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count "XIII" (VIII) of the Complaint is dismissed so no response to paragraph 364 of the Complaint is required.

**COUNT IX**

365. UCH restates and incorporates the responses to paragraphs 1 through 364 as if fully set forth herein.

366. UCH states that the allegations in paragraph 366 are legal conclusions requiring no response. To the extent a response is required, UCH denies the allegations therein.

367. UCH states that the allegations in paragraph 367 are legal conclusions requiring no response. To the extent a response is required, UCH denies the allegations therein.

368. UCH states that the allegations in paragraph 368 are legal conclusions requiring no response. To the extent a response is required, UCH denies the allegations therein.

369. In response to paragraph 369 of the Complaint, UCH admits only that plaintiff selectively quotes 18 U.S.C. § 2510(8), the contents of which speak for themselves.

370. In response to paragraph 370 of the Complaint, UCH admits only that plaintiff selectively quotes 18 U.S.C. § 2510(4),(8), the contents of which speak for themselves.

371. In response to paragraph 371 of the Complaint, UCH admits only that plaintiff selectively quotes 18 U.S.C. § 2510(5), the contents of which speak for themselves.

372. UCH denies the allegations contained in paragraph 372 of the Complaint.

373. UCH denies the allegations contained in paragraph 373 of the Complaint.

374. UCH denies the allegations contained in paragraph 374 of the Complaint.

375. UCH denies the allegations contained in paragraph 375 of the Complaint.

376. UCH denies the allegations contained in paragraph 376 of the Complaint.

377. UCH denies the allegations contained in paragraph 377 of the Complaint.

378. UCH denies the allegations contained in paragraph 378 of the Complaint.

379. UCH denies the allegations contained in paragraph 379 of the Complaint.

380. UCH denies the allegations contained in paragraph 380 of the Complaint.

381. UCH denies the allegations contained in paragraph 381 of the Complaint.

382. UCH denies the allegations contained in paragraph 382 of the Complaint.

383. UCH denies the allegations contained in paragraph 383 of the Complaint.

**COUNT X**

384. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count X of the Complaint is dismissed so no response to paragraph 384 of the Complaint is required.

385. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count X of the Complaint is dismissed so no response to paragraph 385 of the Complaint is required.

386. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count X of the Complaint is dismissed so no response to paragraph 386 of the Complaint is required.

387. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count X of the Complaint is dismissed so no response to paragraph 387 of the Complaint is required.

388. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count X of the Complaint is dismissed so no response to paragraph 388 of the Complaint is required.

389. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count X of the Complaint is dismissed so no response to paragraph 389 of the Complaint is required.

390. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count X of the Complaint is dismissed so no response to paragraph 390 of the Complaint is required.

391. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count X of the Complaint is dismissed so no response to paragraph 391 of the Complaint is required.

392. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count X of the Complaint is dismissed so no response to paragraph 392 of the Complaint is required.

393. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count X of the Complaint is dismissed so no response to paragraph 393 of the Complaint is required.

394. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count X of the Complaint is dismissed so no response to paragraph 394 of the Complaint is required.

395. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count X of the Complaint is dismissed so no response to paragraph 395 of the Complaint is required.

396. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count X of the Complaint is dismissed so no response to paragraph 396 of the Complaint is required.

**COUNT XI**

397. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count XI of the Complaint is dismissed so no response to paragraph 397 of the Complaint is required.

398. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count XI of the Complaint is dismissed so no response to paragraph 398 of the Complaint is required.

399. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count XI of the Complaint is dismissed so no response to paragraph 399 of the Complaint is required.

400. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count XI of the Complaint is dismissed so no response to paragraph 400 of the Complaint is required.

401. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count XI of the Complaint is dismissed so no response to paragraph 401 of the Complaint is required.

402. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count XI of the Complaint is dismissed so no response to paragraph 402 of the Complaint is required.

403. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count XI of the Complaint is dismissed so no response to paragraph 403 of the Complaint is required.

404. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count XI of the Complaint is dismissed so no response to paragraph 404 of the Complaint is required.

405. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count XI of the Complaint is dismissed so no response to paragraph 405 of the Complaint is required.

406. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count XI of the Complaint is dismissed so no response to paragraph 406 of the Complaint is required.

407. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count XI of the Complaint is dismissed so no response to paragraph 407 of the Complaint is required.

408. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count XI of the Complaint is dismissed so no response to paragraph 408 of the Complaint is required.

409. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count XI of the Complaint is dismissed so no response to paragraph 409 of the Complaint is required.

410. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count XI of the Complaint is dismissed so no response to paragraph 410 of the Complaint is required.

411. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count XI of the Complaint is dismissed so no response to paragraph 411 of the Complaint is required.

412. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count XI of the Complaint is dismissed so no response to paragraph 412 of the Complaint is required.

413. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count XI of the Complaint is dismissed so no response to paragraph 413 of the Complaint is required.

**COUNT XII**

414. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count XII of the Complaint is dismissed so no response to paragraph 414 of the Complaint is required.

415. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count XII of the Complaint is dismissed so no response to paragraph 415 of the Complaint is required.

416. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count XII of the Complaint is dismissed so no response to paragraph 416 of the Complaint is required.

417. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count XII of the Complaint is dismissed so no response to paragraph 417 of the Complaint is required.

418. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count XII of the Complaint is dismissed so no response to paragraph 74 (pg. 92-93) is required.

419. Pursuant to the Court's Order dated September 29, 2025 (Dkt No. 33), Count XII of the Complaint is dismissed so no response to paragraph 74 (pg. 93) is required.

**PRAYER FOR RELIEF**

UCH denies that plaintiff is entitled to any of the relief she seeks in her Prayer for Relief and denies the assertions and allegations contained therein.

**DEMAND FOR JURY TRIAL**

UCH demands a trial by jury on plaintiff's three remaining claims as a matter of right.

**GENERAL DEFENSE**

UCH denies each allegation in the Complaint not admitted herein.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's remaining claims fail to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, including for the following reasons: for failing to meet the basic statutory elements of their 18 U.S.C. § 2511(1) count; for failing to establish UCH had a criminal or tortious purpose in implementing tracking technologies; for the fact that UCH used the alleged tracking technologies in the ordinary course of its business; and for failing to establish that Deaconess owed or breached any duty to exercise reasonable care or duty to protect the confidentiality of plaintiff's communications.

2. The Court lacks federal jurisdiction over plaintiff's state law claims and those of the putative class members under the Class Action Fairness Act (CAFA), as the local controversy and home state exception to CAFA jurisdiction apply.

3. Plaintiff's claims and those of the putative class members fail for lack of standing in that plaintiff has not alleged, and will not be able to show, an actual, cognizable injury in fact fairly traceable to UCH's alleged misconduct.

4. Plaintiff's claims and those of the putative class members are barred, either in whole or in part, by the doctrine of consent and/or implied consent in that their agreement with third-parties, including but not limited to Google and/or Facebook, as well as with UCH, expressly contemplated the disclosures alleged in the Complaint, which are also a routine part and component of the operation of the Internet.

5. Plaintiff's claims and those of the putative class members are barred, in whole or in part, by the doctrines of superseding and proximate cause as their alleged damages, to the extent that any such damages occurred, were in fact caused by third parties not presently before the Court.

6. Plaintiff's claims and those of the putative class members may be barred, either in whole or in part, for failing to join any and all necessary and indispensable parties to this action, and for failing to sue the real party in interest to their claims.

7. Plaintiff's claims and those of the putative class members are barred or reduced, either in whole or in part, because they pertain to conduct that occurred before Deaconess Health System, Inc. and Deaconess Regional Healthcare Services Illinois, Inc. assumed control of Union County Hospital and its website from Quorum Health LLC on January 14, 2023.

8. Plaintiff's claims and those of the putative class members are barred or reduced by their failure to mitigate damages as they control the extent to which the information allegedly disclosed is actually disclosed to third parties.

9. Plaintiff's claims and those of the putative class members are barred, in whole or in part, by the doctrine of assumption of risk.

10. Plaintiff's claims and those of the putative class members are barred, in whole or in part, because UCH acted at all times in good faith and in compliance with the applicable statues and/or regulations which negates any potential *mens rea* showing required for plaintiff's 18 U.S.C. § 2511(1) claim.

11. Plaintiff's claims, either in whole or in part, and the claims of the absent putative class members, including their right to assert the claims as a class action, are barred by arbitration and/or class waiver provisions pertaining to their use of UCH's web properties, including but not limited to https://www.deaconess.com, the Deaconess MyChart patient portal, and Deaconess Pay My Bill.

12. Plaintiff's claims and those of the putative class members are barred, in whole or in part, by the First Amended to the United States Constitution which applies through judicial power in civil litigation and expressly provides that no law shall abridge the freedom of speech.

13. The imposition of aggregated, class-wide damages in this case would be excessive and violate UCH's due process constitutional rights.

14. This case is improper for resolution on a class-wide basis because the putative class does not meet the requirements of Rule 23. Specifically, plaintiff is not an adequate representative of the purported class; her claims are not typical; common questions of law or fact affecting the individual members of the class do not predominate; a class action is neither manageable nor superior; and there is no ascertainable class with a community of interest.

15. Plaintiff's claims and those of the putative class members are barred, in whole or in part, including with respect to class relief, by the doctrines of waiver, estoppel, and release, depending upon the facts determined in discovery as to their own particular claims, including with respect to any agreements they may have signed with UCH, its affiliates, or any other third-party relating to their claims.

16. Plaintiff's claims and those of the putative class members must be reduced, in whole or in part, by an appropriate set off to the extent that plaintiff or the putative class members owe any amounts to UCH or its affiliates.

17. Plaintiff and the putative class members have suffered no actual injury or legally cognizable damages, and their purported damages, if any, are speculative and uncertain and therefore noncompensable.

18. Plaintiff's claims and those of the putative class members are barred because they are based on conduct that occurred, if at all, outside the statute of limitations period for their claims as there has been no tolling of the relevant limitations period.

**RESERVATION OF RIGHTS**

UCH states that both the lack of discovery as well as the aggregated nature of plaintiff's claims, particularly with respect to the absent putative class members, make an analysis of all potential affirmative defenses impossible at this time. Therefore, UCH expressly reserves the right to assert additional affirmative defenses as this case progresses.

Date: October 27, 2025

Respectfully submitted:

By: */s/ David Carney*
David Carney
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Tel. (216) 621-0200
dcarney@bakerlaw.com

Paul G. Karlsgodt
BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, Colorado 80202
Tel. (303) 861-0600
pkarlsgodt@bakerlaw.com

*Counsel for Defendant Deaconess Illinois Union County Hospital, Inc.*

**CERTIFICATE OF SERVICES**

The undersigned certifies that on October 27, 2025, the foregoing *Answer and Affirmative Defenses to Class Action Complaint* was electronically filed with the Clerk of Court via CM/ECF, which will provide notification of such filing to all counsel of record.

*/s/ David Carney*
*Counsel for Defendant*
*Deaconess Illinois Union County Hospital, Inc.*