IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANE DOE, individually, and on behalf of all others similarly situated,<br>**Plaintiff,**<br><br>vs<br><br>DEACONESS ILLINOIS UNION COUNTY HOSPITAL, INC. d/b/a DEACONESS ILLINOIS UNION COUNTY d/b/a UNION COUNTY HOSPITAL<br>**Defendant.** | **CIVIL NO.** 3:24-cv-02284-NJR<br><br>**CJRA TRACK:** D<br><br>**PRESUMPTIVE TRIAL MONTH:** July 2027<br><br>**JUDGE:** Hon. Nancy J. Rosenstengel |

### JOINT REPORT OF THE PARTIES AND PROPOSED SCHEDULING AND DISCOVERY ORDER (CLASS ACTION)

Pursuant to Federal Rule of Civil Procedure 26(f), SDIL-LR 26.1, and SDIL-LR 23.1, an initial conference of the parties was held on November 7, 2025 via videoconference, with attorneys John C. Roberts, Emily Schiller, Nate Hanna, and Om Kakani participating. Per ECF 35, the parties discussed the presumptive trial month and jointly believe discovery will take more time than allotted. In preparing the following deadlines, however, the parties computed deadlines using the presumptive trial month indicated in ECF 34.

SCHEDULING AND DISCOVERY PLANS WERE DISCUSSED AND AGREED TO AS FOLLOWS:

1. Discovery prior to Class Certification must be sufficient to permit the Court to determine whether the requirements of Federal Rule of Civil Procedure 23 are satisfied, including a sufficient inquiry into the merits of the case to ensure appropriate management of the case as a Class Action. Once class certification is decided, the Court will schedule an additional conference with the parties to address entering a new discovery order, addressing any additional merits discovery needed as necessary.

2. Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), shall be served by each party on or before November 24, 2025.

   Initial interrogatories and requests to produce, pursuant to Federal Rules of Civil Procedure 33 and 34 and SDIL-LR 33.1, shall be served on opposing parties by December 1, 2025. Defendant will respond to the interrogatories and requests for production served by Plaintiff on or before December 30, 2025, with rolling production of documents and tangible things to commence on that same date and continue until January 30, 2026.

   Due to the nature of this case, the parties are exempted from compliance with Federal Rules of Civil Procedure 30(a)(2)(A) (10 deposition limit) and 33(a) (25 interrogatory limit). The parties agree to the following limitations on Interrogatories and depositions: 30 interrogatories, including discrete subparts, and 10 depositions of 7 hours each, which the parties may revisit for 30(b)(6) deponents.

3. Plaintiff(s) depositions shall be taken by May 29, 2026.

4. Defendant(s) depositions shall be taken by May 29, 2026.

5. Third Party actions must be commenced by February 16, 2026 (which date shall be no late than 90 days following the scheduling conference).

6. Expert witnesses for Class Certification, if any, shall be disclosed, along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2), as follows:

   i. Plaintiff(s) expert(s): June 29, 2026.

   ii. Defendant(s) expert(s): July 28, 2026.

7. Depositions of Class Certification expert witnesses must be taken by:

   i. Plaintiff(s) expert(s): August 28, 2026.

   ii. Defendant(s) expert(s): September 28, 2026.

8. The parties **CERTIFY** that they have discussed, in particular, the proportionality of discovery, the burden and expense associated with discovery, and the discovery of electronically stored information (ESI). The parties ☒ do ☐ ~~do not~~ anticipate a need for an ESI protocol. The parties shall submit to the Court any joint proposed ESI protocol no later than

<u>November 21, 2025</u>.  (The protocol shall contain mechanisms for addressing necessary topics concerning ESI to include sources of information, search terms, format of production and preservation of ESI by both Plaintiff(s) and Defendant(s)).

9. Plaintiff(s) Motion for Class Certification and Memorandum in Support shall be filed by <u>November 2, 2026</u> (such date shall be no later than 8 months prior to the first day of the presumptive trial month or the first day of the month of the trial setting) and shall not exceed <u>25</u> pages.

10. Defendant(s) Memorandum in Opposition to Class Certification shall be filed by <u>December 11, 2026</u> and shall not exceed <u>25</u> pages.

11. Plaintiff(s) Reply Memorandum, if any, must be filed by <u>December 30, 2026</u> and shall not exceed <u>15</u> pages.

12. The Class Certification hearing, if any, will be set by separate notice.

13. The parties are reminded that, prior to filing any motions concerning discovery, they are first directed to meet and confer relating to any discovery disputes and then contact the Court to arrange a telephone discovery dispute conference. If the dispute cannot be resolved in the first conference, the Court will establish, with the input of the parties, the mechanism for submitting written positions to the Court on an expedited basis.

14. Discovery, including both fact and expert discovery, shall be completed by February 19, 2027 (no later than **130 days** before the first day of the month of the presumptive trial month or the first day of the month of the trial setting). Any written interrogatories or request for production served after the date of the Scheduling and Discovery Order shall be served by a date that allows the served parties the full **30 days** as provided by the Federal Rules of Civil Procedure in which to answer or produce by the discovery cutoff date.

15. Any motion for summary judgment must be filed by March 23, 2027, which date is at least 100 days before the first day of the presumptive trial month, pursuant to SDIL-LR 7.1(b)(1)(C).

16. Pretrial disclosures, pursuant to Fed. R. Civ. P. 26(a)(3), shall be served by each party on or before June 1, 2027, which date is at least 30 days prior to the first day of the presumptive trial month, per Chief Judge Rosenstengel's Case Management Procedures (p. 6). Objections are due **14 days** after the

pretrial disclosure is made. The disclosures and objections shall be filed on the docket. Counsel should bring their Rule 26(a)(3) disclosures and any objections to the Final Pretrial Conference.

17. Pursuant to Fed. R. Evid. 502, in the event any communication or information subject to attorney-client privilege or work product protection is disclosed in the pending litigation, such disclosure shall not operate as a waiver of the attorney-client privilege or work product protection in this proceeding or any other federal or state proceeding.

Dated: November 11, 2025                    Respectfully submitted,

/s/ Andrew E. Mize
J. Gerard Stranch, IV (admitted *pro hac vice*)
Andrew E. Mize (admitted *pro hac vice*)
John C. Roberts (*pro hac vice* forthcoming)
STRANCH, JENNINGS & GARVEY, PLLC
The Freedom Center
223 Rosa L. Parks Ave., Suite 200
Nashville, TN 37203
Tel: (615) 254-8801
gstranch@stranchlaw.com
amize@stranchlaw.com
jroberts@stranchlaw.com

Lynn A. Toops
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel: (317) 636-6481
ltoops@cohenmalad.com

*Counsel for Plaintiff
and the Proposed Class*

/s/ David Carney
David Carney
Om M. Kakani (*pro hac vice* forthcoming)
Nathaniel O. Hanna (*pro hac vice* forthcoming)
BAKER & HOSTETLER LLP

127 Public Square, Suite 2000
Cleveland, OH 44114
Tel: (216) 621-0200
dcarney@bakerlaw.com

Paul G. Karlsgodt
BAKER & HOSTETLER LLP
1801 California St., Suite 4400
Denver, CO 80202
Tel: (303) 861-0600
pkarlsgodt@bakerlaw.com

*Counsel for Defendant Deaconess Illinois Union County Hospital, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANE DOE, individually, and on behalf of all others similarly situated,<br>**Plaintiff,**<br><br>vs<br><br>DEACONESS ILLINOIS UNION COUNTY HOSPITAL, INC. d/b/a DEACONESS ILLINOIS UNION COUNTY d/b/a UNION COUNTY HOSPITAL<br>**Defendant.** | **CIVIL NO.** 3:24-cv-02284-NJR<br><br>**CJRA TRACK:** D<br><br>**PRESUMPTIVE TRIAL MONTH:** July 2027<br><br>**JUDGE:** Hon. Nancy J. Rosenstengel |

## SCHEDULING AND DISCOVERY ORDER
## (CLASS ACTION)

Depositions upon oral examination, interrogatories, request for documents, and answers and responses thereto shall not be filed unless on order of the Court. Disclosures or discovery under Federal Rule Civil Procedure 26(a) and SDIL-LR 26.1 are to be filed with the Court only to the extent required by the final pretrial order, other order of the Court, or if a dispute arises over the disclosure or discovery. Having reviewed the Report of the Parties and finding that the parties have complied with the requirements of Federal Rule of Civil Procedure 26(f), SDIL-LR 26.1, and SDIL-LR 23.1, the Court hereby approves and enters the Proposed Scheduling and Discovery Order as submitted by the parties/as modified at the Pretrial Scheduling and Discovery Conference.

( )  A settlement conference is set before Click here to enter text in accordance with SDIL-LR 16.3(b) on Click here to enter a date at Click here to enter text in Click here to enter text.

( )  A Class Certification hearing is set for Click here to enter a date at Click here to enter text before the trial judge.

( )  A final pretrial conference is set for June 17, 2027 at 1:30 PM before the trial judge in accordance with SDIL-LR 16.2(b). *See* ECF 34.

( )  As initially set by the Court, the presumptive trial month is July 2027.

DATED:  Click here to enter a date

                                                Click here to enter text
                                                _____