# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANE DOE, individually, and on behalf of herself and all others similarly situated, | |
| Plaintiff, | Civil No. 3:24-cv-02284-NJR |
| v. | CJRA Track: D |
| DEACONESS ILLINOIS UNION COUNTY HOSPITAL d/b/a DEACONESS ILLINOIS UNION COUNTY d/b/a UNION COUNTY HOSPITAL, | Judge: Nancy J. Rosenstengel, Chief Judge |
| Defendant. | |
| JOEL JUENGER, individually, and on behalf of all others similarly situated, | |
| Plaintiff, | Civil No. 3:24-cv-02332-NJR |
| v. | CJRA Track: D |
| DEACONESS HEALTH SYSTEM, INC., DEACONESS ILLINOIS RED BUD REGIONAL HOSPITAL, INC., and RED BUD ILLINOIS HOSPITAL COMPANY, LLC d/b/a RED BUD REGIONAL HOSPITAL, | Judge: Nancy J. Rosenstengel, Chief Judge |
| Defendants. | |

## JOINT MOTION TO CONSOLIDATE

Pursuant to Federal Rule of Civil Procedure 42(a), Plaintiff Jane Doe, Plaintiff Joel Juenger, Defendant Deaconess Illinois Union County Hospital d/b/a Deaconess Illinois Union County d/b/a Union County Hospital ("Union County Hospital"), Defendant Deaconess Health System, Inc., Defendant Deaconess Illinois Red Bud Illinois Regional Hospital, Inc., and Defendant Red Bud Illinois Hospital Company, LLC d/b/a Red Bud Regional Hospital (collectively, the "Parties"), by their undersigned counsel, respectfully move to consolidate *Doe v. Deaconess Illinois Union*

*County Hospital d/b/a Deaconess Illinois Union County d/b/a Union County Hospital*, Case No. 3:24-cv-02284-NJR (the "*Doe* Action") with *Joel Juenger v. Deaconess Health System, Inc., Deaconess Illinois Red Bud Regional Hospital, Inc., and Red Bud Illinois Regional Hospital Company, LLC d/b/a Red Bud Regional Hospital*, Case No. 3:24-cv-02332-NJR (the "*Juenger* Action") for all purposes ***except trial***.

## I.   Background.

On October 4, 2024, Plaintiff Doe filed a complaint against Union County Hospital, alleging that the hospital disclosed her and other patients' private information to third parties through tracking technologies embedded on its web properties. (*See Doe*, Dkt. No. 1, *Compl.* ¶ 10.) Thirteen days later, Plaintiff Juenger filed a complaint against the against Deaconess Health System, Inc., Deaconess Illinois Red Bud Regional Hospital, Inc., and Red Bud Illinois Regional Hospital Company, LLC d/b/a Red Bud Regional Hospital, asserting substantially identical allegations. (*See Juenger*, Dkt. No. 1, *Compl.* ¶ 10.)

Defendants in both actions moved to dismiss, and this Court ultimately reached substantively identical conclusions: claims for negligence, negligence *per se*, and violation of the federal Wiretap Act survived, while all other claims were dismissed. (*Compare Doe*, Dkt. No. 33 (holding that Doe's negligence, negligence *per se*, and federal Wiretap Act claims survived); *with Juenger*, Dkt. No. 40 (holding that Juenger's negligence, negligence *per se*, Illinois Eavesdropping Act, and federal Wiretap Act claims survived) *and Juenger*, Dkt. No. 49 (reconsidering and dismissing Juenger's Illinois Eavesdropping Act claim).) The Court then scheduled discovery conferences in both cases within fifteen days of each other. (*Compare Doe*, Dkt. No. 35; *with Juenger*, Dkt. No. 46.)

In its recent order reconsidering and dismissing Juenger's Illinois Eavesdropping Act claim, this Court noted: "Considering the nearly identical factual and procedural postures of this case and *Doe*, the Court anticipates that the parties soon will file a motion to consolidate both actions." (*Junger*, Dkt. No. 49, *Order*, pg. 2.) That observation was well-founded. The factual overlap extends beyond the pleadings: both hospitals were acquired from Quorum Health Corporation by Deaconess Regional Healthcare Services Illinois, Inc., a sponsored entity of Deaconess Health System, Inc., on January 14, 2023.

## II.    Legal Argument.

Federal Rule of Civil Procedure 42(a) authorizes consolidation where "actions before the court involve a common question of law or fact," while Rule 42(b) permits separate trials despite consolidation "[f]or convenience, to avoid prejudice, or to expedite and economize." District courts therefore have "substantial discretion" in deciding "whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018) (citation omitted).

The Seventh Circuit has observed that "[b]y far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge." *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 838 (7th Cir. 1999). Rule 42 aims to promote judicial efficiency when, as here, consolidation does not result in undue prejudice. *See Snyder v. Trihydro Co.*, 2024 WL 4381326, at *1 (S.D. Ill. Oct. 3, 2024) (citations omitted).

This Court applied these principles in *Snyder*, consolidating two related actions because they involved "common issues of law and fact" and "nearly identical operative facts and allegations." *Id.* Both cases were also in the early stages of discovery, which would "necessarily overlap in each case." *Id.* Given the common parties and related defendants, this Court concluded that "it would be a waste of resources – especially judicial resources and the parties' resources –

to proceed separately." *Id.*; *see also Dunkley v. Illinois Dept. of Human Services*, 2020 WL 8996816, at *1 (S.D. Ill. May 27, 2020) (consolidating actions "arising out of the same events under the same statutes against substantially similar sets of defendants" to "avoid duplication of discovery"); *In re Advoc. Aurora Health Pixel Litig.*, 2023 WL 2787985 (E.D. Wis. Apr. 5, 2023) (consolidating analogous tracking technology cases as "[t]he complaints raise common causes of action, seek certification of overlapping classes, and pursue similar remedies against Defendant").

The same considerations apply here. Both actions share common questions of law and fact. (*Compare Doe*, Dkt. No. 1, *Compl.* ¶¶ 1-8, 10-32; *with Juenger*, Dkt. No. 1, *Compl.* ¶¶ 1-8, 10-32.) They involve overlapping parties—hospitals formerly owned by Quorum Health Corporation and currently owned by a sponsored entity of Deaconess Health System, Inc. Both cases are at the initial stage of discovery. (*Compare* Dkt. No. 35; *with Juenger*, Dkt. No. 46.) And the proposed class definitions are functionally identical, encompassing nationwide classes and Illinois subclasses, heightening the risk of duplicative discovery and inconsistent ruling on class certification. (*Compare Doe*, Dkt. No. 1, *Compl.* ¶¶ 247-48; *with Juenger*, Dkt. No. 1, *Compl.* ¶¶ 204-5.)

Consolidating these actions for all purposes except trial will therefore conserve judicial and party resources by streamlining discovery, class certification, and case management. It will minimize confusion and delay that would otherwise result from litigating two factually identical cases separately, including the risk of inconsistent rulings on evidentiary issues, class certification, and dispositive motions. Consolidation will further reduce the burden and time spent on witnesses and experts, who would otherwise be required to participate in both actions. Finally, no party will suffer prejudice; all parties to both actions have joined this motion.

## III.    Conclusion.

For these reasons, the Parties respectfully request that the Court consolidate *Doe v. Deaconess Illinois Union County Hospital d/b/a Deaconess Illinois Union County d/b/a Union County Hospital*, Case No. 3:24-cv-02284-NJR with *Joel Juenger v. Deaconess Health System, Inc., Deaconess Illinois Red Bud Regional Hospital, Inc., and Red Bud Illinois Regional Hospital Company, LLC d/b/a Red Bud Regional Hospital*, Case No. 3:24-cv-02332-NJR for all purposes ***except trial***.

Dated: November 26, 2025

By: */s/ Andrew E. Mize*
J. Gerard Stranch (admitted *pro hac vice*)
Andrew E. Mize (admitted *pro hac vice*)
John C. Robers (admitted *pro hac vice*)
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel: (615) 254-8801
gstranch@stranchlaw.com
amize@stranchlaw.com
jroberts@stranchlaw.com

Lynn A. Toops
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel: (317) 636-6481
ltoops@cohenmalad.com

*Counsel for Plaintiffs Jane Doe,*
*Joel Juenger, and the respective*
*Proposed Classes*

Respectfully submitted,

By: */s/ David Carney*
David Carney
Om M. Kakani
Nathaniel O. Hanna
**BAKER & HOSTETLER LLP**
127 Public Square, Suite 2000
Cleveland, OH 44114
Tel: (216) 621-0200
dcarney@bakerlaw.com
okakani@bakerlaw.com
nhanna@bakerlaw.com

Paul G. Karlsgodt
**BAKER & HOSTETLER LLP**
1801 California Street, Suite 4400
Denver, CO 80202
Tel: (303) 861-0600
pkarlsgodt@bakerlaw.com

*Counsel for Defendants Deaconess*
*Illinois Union County Hospital,*
*Deaconess Health System, Inc., and*
*Deaconess Illinois Red Bud Regional*
*Hospital Inc.*

5

By: */s/ Jad Sheikali*           
Jad Sheikali
**SHOOK, HARDY, & BACON, LLP**
111 S. Wacker Drive, Suite 4700
Chicago, IL 60606
Tel: (312) 704-7700
jsheikali@shb.com

*Counsel for Defendant Red Bud Illinois Hospital Company, LLC*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on November 26, 2025, a true and correct copy of the foregoing *Joint Motion to Consolidate* was served on counsel of record via the Court's electronic filing system.

/s/ David Carney
*Counsel for Defendants Deaconess
Illinois Union County Hospital,
Deaconess Health System, Inc., and
Deaconess Illinois Red Bud Regional
Hospital, Inc.*

7