IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JANE DOE, Individually and on behalf of all others similarly situated,**<br><br>　　Plaintiff,<br><br>v.<br><br>**DEACONESS ILLINOIS UNION COUNTY HOSPITAL, INC., d/b/a DEACONESS ILLINOIS UNION COUNTY, d/b/a UNION COUNTY HOSPITAL,**<br><br>　　Defendant. | **Case No. 3:24-CV-02284-NJR** |
| **JOEL JUENGER, Individually and on behalf of all others similarly situated,**<br><br>　　Plaintiff,<br><br>v.<br><br>**DEACONESS HEALTH SYSTEM, INC., DEACONESS ILLINOIS RED BUD REGIONAL HOSPITAL, INC., and RED BUD ILLINOIS HOSPITAL COMPANY, LLC,**<br><br>　　Defendants. | **Consolidated Action** |

## STIPULATED PROTECTIVE ORDER

**ROSENSTENGEL, District Judge:**

　　Plaintiffs JANE DOE and JOEL JUENGER, individually, and on behalf of all others similarly situated ("Plaintiffs"), and Defendants DEACONESS ILLINOIS UNION COUNTY HOSPITAL, INC. d/b/a DEACONESS ILLINOIS UNION COUNTY

d/b/a UNION COUNTY HOSPITAL, DEACONESS HEALTH SYSTEM, INC., DEACONESS ILLINOIS RED BUD REGIONAL HOSPITAL, INC., and RED BUD ILLINOIS HOSPITAL COMPANY, LLC d/b/a RED BUD REGIONAL HOSPITAL ("Defendants," and together with Plaintiffs, the "Parties") agree that the proceedings in this matter may involve the discovery and disclosure of confidential, non-public, sensitive, and/or proprietary business, employment, tax, financial, and personally identifiable information, protected health information, documents and other materials.

The Parties agree that such "Confidential" information should only be disclosed pursuant to the terms of this Stipulated Protective Order ("Order").

The Parties further agree that the confidential nature of certain information, particularly personally identifiable information and protected health information, establishes good cause for the issuance of this Stipulated Protective Order.

The Parties thus seek entry of this Order, governing the disclosure of documents and information therein designated as "Confidential" on the terms set forth herein, and governing the return of privileged information, documents, and data and affording the Parties certain protections on the terms set forth herein. For these reasons, the Court **ORDERS** as follows:

    1.    The below terms, as used herein, shall be defined as follows:

        a.    **"Action"** shall refer to the above-titled action.

        b.    **"Confidential Information"** shall mean information that a Designating Party identifies as "Confidential." Only information meeting the following criteria may be designated as "Confidential"

(unless the parties expressly agree otherwise): Information (regardless of how generated, stored, or maintained) that the Designating Party in good faith believes: (i) contains sensitive personal identifying information or protected health information, the disclosure of which may have the effect of causing harm to any Party, or person from whom the information was obtained, or to the Parties' or third-parties' legitimate privacy interests; or (ii) contains information over which the Designating Party has a duty or obligation to maintain confidentiality; (iii) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning.

c. **"Designating Party"** shall mean the Party or Non-Party that designates information produced in this Action as "Confidential."

d. **"Expert"** shall mean any individual with specialized knowledge or expertise who is retained by a Party or its Counsel to serve as an expert witness or as a consultant in the Action.

e. **"Personal identifying information"** or **"PII"** includes every data element protected by state or federal law including, but not limited to, name, payment card numbers, financial account numbers, Social Security numbers, addresses, phone numbers, email addresses, driver's license numbers or other state identification numbers,

          Employer Identification numbers, Tax Identification numbers, passport numbers, or a foreign government equivalent of any of these numbers or identifiers.

f. **"Privileged Information"** means material protected by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection provided by applicable law.

g. **"Protected Health Information"** or **"PHI"** shall have the same definition as the definition of "Protected Health Information" under 45 C.F.R. § 160.103.

h. **"Producing Party"** shall mean a Party or Non-Party that produces information in the Action.

i. **"Protected Material"** shall refer to any information designated as "Confidential" pursuant to this Order.

j. **"Receiving Party"** shall mean a Party that receives information from a Producing Party in the Action.

k. **"Vendors"** shall refer to individuals or entities engaged for the purpose of providing litigation support services (e.g., ESI vendors; photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; investigators and consultants; court reporters), as well as their employees, independent contractors, and subcontractors.

2. The protections conferred by this Order cover not only Protected Material but also any information copied or extracted therefrom, and all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in Court or in other settings that might reveal Protected Material.

3. Except as otherwise provided in this Order, all information, documents, and data to be designated as Protected Material must be clearly designated as such prior to any disclosure of the same. Designations shall be made in the following manner:

   a. Protected Material produced in documents shall be marked with the designation "CONFIDENTIAL" on each page that contains Protected Material. If only a portion of the material on the page qualifies for designation as Protected Material, that portion shall be clearly designated as Protected Material and the level of protection asserted for each such portion must be specified. Documents produced in native formats will have Confidentiality Designations indicated in the production file name or as specified in any Stipulated Protocol on the Discovery of Electronically Stored Information the Parties may enter into. Should the Parties need to identify which portions of a native document qualify as Protected Material, they will meet and confer to resolve the issue.

  b.  Protected Material disclosed in testimony (in depositions, pre-trial proceedings, or trial proceedings) shall be designated as Protected Material either during the testimony or by written notice to Counsel within ten (10) days of receiving the transcript of the proceedings (or in such other time as the Parties shall mutually agree is appropriate). Notice after the testimony must specifically designate the portion(s) of the testimony that are to be designated as Protected Material and the level of protection asserted for each such portion must be specified.

  c.  Protected Material disclosed in any form other than a document or testimony must be designated "CONFIDENTIAL" in a prominent manner and in a manner that specifies only those portions of the information or data disclosed that are subject to the designated protection level.

  d.  If a Designating Party fails to designate information, documents, or data disclosed as Protected Material at the time of disclosure, that Designating Party shall make all reasonable efforts to timely designate the Protected Material and to identify the specific portion of the information, documents, or data disclosed to be designated as Protected Material and the level of protection to be accorded the same. Upon notification, the Receiving Party shall make reasonable efforts to assure that any additional material designated as Protected

        Material is treated in accordance with the provisions of this Order from that point forward. No Party shall be found to have violated this Stipulation and Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential. Designation by either Party of information or documents under the terms of this Order, or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets.

4. If the Receiving Party wants to challenge either the designation of information, documents, or data as Protected Material, it must first notify the Designating Party in writing of both the specific Protected Material challenged and the reason for the challenge. The Parties shall make reasonable efforts to resolve the dispute over the designation of the information, documents, or data as Protected Material. If the dispute cannot be resolved between the Parties, the Designating Party must promptly notify the Receiving Party in writing that it has not changed its position on the Protected Material. The Receiving Party may then seek relief from this Court, though the burden of proving confidentiality of designated information remains with the party asserting such confidentiality (*i.e.*, the Designating Party). While any dispute over classification is ongoing, the

information, document, or data at issue shall be treated in accordance with the protection level identified by the Designating Party.

5. The Receiving Party shall keep all Protected Material secure except as permitted below and shall take reasonable efforts to place such documents in a secure area and limit access to the Protected Material to the extent reasonably necessary for this Action.

6. The Receiving Party may only use Protected Material for the purpose of prosecuting, defending, or attempting to resolve the Action and the Protected Material may only be disclosed in the manner and to the categories of recipients identified below. Until the Action is concluded, all Protected Material must be maintained and stored consistent with its designation.

   a. Protected Material that is designated as "CONFIDENTIAL" may be disclosed to:

      i. the Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

      ii. the parties themselves, including officers, directors, and employees (including in-house counsel) of a party who have a reason to know the information, so long as each such employee has signed the "Acknowledgement and Agreement

to Be Bound" (the "Acknowledgement") attached hereto as Exhibit A;

iii. experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment;

iv. the court and its personnel, including any agreed-upon or designated mediator(s), and court reporters and their staff;

v. professional jury or trial consultants, to whom disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment;

vi. professional Vendors, such as litigation support and copy vendors, to whom disclosure is reasonably necessary for this litigation;

vii. a Party's insurer and its staff who have responsibility for the insurer's obligations in connection with the Action, with all such staff being subject to the provisions of this Order;

viii. a mediator jointly retained by the parties and the mediator's personnel;

ix. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or reasonably knew the Protected Material;

      x.    witnesses providing testimony in either a deposition, hearing, trial, or other proceeding where a party deems it reasonably necessary for the witness to review the Protected Material in preparation and/or to provide testimony regarding the Protected Material, with any witness who is not otherwise subject to the terms of this Order being required to sign the Acknowledgment; and

      xi.    such other persons as the Parties mutually agree may be shown the Protected Material, all of whom shall be required to sign the Acknowledgment.

7.    If a Party is served with a subpoena or a court order issued in other litigation or proceedings before any administrative or legislative body that compels the disclosure of any information or items designated in this action as "CONFIDENTIAL" that Party must:

a.    promptly notify in writing the Designating Party, with such notification including a copy of the subpoena or court order;

b.    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order, with such notification including a copy of this Stipulated Protective Order; and

    c.    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the appropriate court, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or entity not authorized to receive the Protected Material under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or entity to whom the Protected Material was disclosed that the disclosure was not authorized and demand immediate return and/or destruction of any tangible Protected Material that was disclosed, and (d) require the person or entity to whom the Protected Material was disclosed to sign the Acknowledgement.

9. If any Protected Material (or any pleading, motion, or memorandum disclosing them) is proposed to be filed or is filed with the Court, the filing party shall follow this Court's procedures to redact or file documents under seal.

10. Any privileged information, confidential information, or protected information of third parties, that is contained within information, documents, or data being disclosed in this Action shall be redacted to the extent practicable if filed with the Court.

11. No Party shall file in the public record, or otherwise publicly disclose, the identity of Plaintiff Jane Doe absent agreement of the Parties or further Order of this Court.

12. By designating Discovery Material as Confidential, the Producing Party agrees that the Discovery Material is authentic under Federal Rules of Evidence 901 through 903 and admissible under the business record exception Federal Rule of Evidence 803(6). This provision does not impact any other argument(s) any Party may have as to the admissibility of the Designated Discovery Material.

13. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

14. Within thirty (30) days of the termination of this Action (including the expiration of time for any appellate challenge thereto), the Receiving Party must either return all Protected Material to the Producing Party or securely

destroy all Protected Material. The Receiving Party must certify in writing that the Protected Material was returned or securely destroyed and that no copies, nor any abstracts, compilations, summaries, or other forms of retaining the Protected Material are in the Receiving Party's possession. Notwithstanding this provision, counsel for the Receiving Party is entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, deposition and trial exhibits, attorney work, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order and all of the protections set forth herein. The Receiving Party will comply with all laws that apply to its use, disclosure, storage and processing of the personal information provided to it by the other party hereunder, and shall at all times protect the personal information with reasonable and appropriate administrative, technical and physical security controls.

15. The Court retains the right to allow, *sua sponte* or upon motion, disclosure of any subject covered by this Order or to modify the Order at any time in the interest of justice.

16. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is

entitled to protection under the Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

**IT IS SO ORDERED.**

**DATED:  January 5, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**